## S99A1258. POWELL v. THE STATE.
### (522 SE2d 656)

FLETCHER, Presiding Justice.

A jury convicted Brian Lee Powell of felony murder and cruelty to children in connection with the death of Roselyn Link, his girlfriend's two-month-old baby.[1] Finding that the evidence was sufficient, trial counsel was not ineffective, and the trial court did not err in its rulings, we affirm.

1. The evidence presented at trial shows that Powell cared for his two-year-old son and Roselyn while their mother, Danielle Link, worked in the evenings. On Saturday, April 12, Powell told Link that Roselyn had fallen off the bed, but Link detected no problems when she examined the baby. On Sunday, April 20, Roselyn screamed and her body stiffened when Link picked her up. Link called the hospital, and they said to bring in the baby on Monday. After Link went to work, Roselyn stopped breathing. Powell says he spent 45 minutes administering CPR before calling 911. He told investigators that he had shaken the baby, but explained that he was trying to revive her. Paramedics were able to start the baby's heartbeat in the ambulance, but she arrived at the emergency room in a coma. She had suffered nine fractured ribs, a fractured shin bone, retinal hemorrhages, swelling of the brain, and bleeding inside her head from two separate instances of abuse. The pathologist testified that the cause of death was head injuries due to the shaken baby syndrome. His opinion was that the most recent incident would have been immediately apparent to any observer and occurred within two hours of her receiving medical attention. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Powell guilty of the crimes charged.[2]

---

[1] The victim died on April 21, 1997. Powell was indicted on October 2, 1997. A jury found him guilty on January 16, 1998, and the trial court sentenced him on February 26, 1998, to life imprisonment for felony murder and five years probation on the cruelty to children count. Powell filed a motion for a new trial on March 10, 1998, which was denied on May 6, 1999. Powell filed a notice of appeal on May 13, 1999. The case was docketed in this court on May 26, 1999, and submitted for decision without oral arguments on July 19, 1999.

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Powell contends that the trial court erred in permitting a detective to testify concerning Link's statement to him at the hospital. At trial, the detective testified that Link told him she was not aware that the baby had any seizures during the past week or that Powell had administered CPR, but that Powell had told her that the baby fell off the bed. Later during the trial, Link testified that Powell said the baby fell off the bed on April 12 and had a seizure, but that she examined the baby and Roselyn did not have any problems.

Prior consistent statements are admissible as substantive evidence when the veracity of the witness's trial testimony has been placed in issue at trial, the witness is present at trial, and the witness is available for cross-examination.[3] Link was present at trial, she was subjected to cross-examination, and her credibility was challenged. In fact, the defendant's theory was that Link was responsible for Roselyn's injuries and Powell was on trial because he happened to be the caretaker when Roselyn succumbed to her prior injuries. Because the state met all three requirements for admitting prior consistent statements, the trial court properly permitted the detective to testify concerning Link's out-of-court statements.

3. To prove ineffectiveness of trial counsel, the defendant must show that his trial counsel's performance was deficient and that the deficient performance prejudiced him.[4] Trial counsel had handled more than ten murder cases in his twelve years of practice. In preparing for trial, he filed numerous pre-trial motions and reviewed the autopsy report, photographs, scientific evidence, and police statements of Powell and the victim's aunt. Trial counsel also talked with the defendant several times about testifying, contacted three physicians about the possibility of testifying as expert witnesses, and interviewed the treating physician, neighbors, and other potential witnesses, although Danielle Link, her sister, and her brother refused to speak with him. Because trial counsel was not deficient in his investigation of the facts, interviews of witnesses, or failure to call Link's brother as a witness and Powell has not shown how he was harmed by counsel's failure to invoke the rule of sequestration, we conclude that trial counsel was not ineffective.

4. The trial court did not abuse its discretion in failing to sever the cruelty to children and aggravated battery counts from the murder counts.[5]

*Judgment affirmed. All the Justices concur.*

---

[3] *Woodard v. State*, 269 Ga. 317 (496 SE2d 896) (1998).

[4] *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

[5] See *Waites v. State*, 238 Ga. 683 (235 SE2d 4) (1977).

DECIDED OCTOBER 18, 1999.

*Lawrence W. Daniel,* for appellant.

*Patrick H. Head, District Attorney, Maria B. Golick, Debra H. Bernes, Russell J. Parker, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Angelica M. Woo, Assistant Attorney General,* for appellee.