A99A1175. GRIFFIN v. THE STATE.
(523 SE2d 910)

PHIPPS, Judge.

Morris Griffin was convicted by a jury of two counts of aggravated child molestation. On appeal, he asserts that his conviction should be reversed for two reasons. First, he claims the evidence was insufficient to prove his guilt beyond a reasonable doubt. Second, he claims the trial court erred when it denied his motion for mistrial after the testimony of a State's witness improperly placed his character in issue. Viewing the evidence in the light most favorable to the prosecution, we hold that the evidence was sufficient for any rational trier of fact to find guilt beyond a reasonable doubt. And, because we find that the testimony complained of did not improperly place Griffin's character in issue, we hold that the trial court did not abuse its discretion when it denied Griffin's motion for mistrial.

1. On appeal, we do not weigh evidence or resolve conflicts in trial testimony when the sufficiency of the evidence is challenged.[1] Instead, we view the evidence in the light most favorable to the prosecution to determine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[2]

---

[1] *Dismuke v. State*, 261 Ga. 254 (1) (403 SE2d 812) (1991).
[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Yvonne McDaniel was Griffin's former girlfriend. On October 31, 1995, McDaniel left her ten-year-old daughter, B. A. G., and her three other children in the house with Griffin. B. A. G. testified that Griffin told her sisters to go outside and told her to go to her mother's bedroom. Griffin went into the bedroom with B. A. G. and told her to take off her clothes. Griffin pulled her pants down and took off his clothes. He put B. A. G. on the bed, got on top of her, and rolled around on her.

B. A. G. also testified that Griffin put his penis in her mouth; he placed his mouth on her vagina; then he "peed" on her and wiped her with a rag. He told her that if she told anyone what had happened, he would whip her.

On February 20, 1996, B. A. G. told her teacher and counselor about the incident with Griffin. B. A. G. also spoke to Niki Denham, a social service specialist with the Putnam County Department of Family & Children Services. Denham confirmed B. A. G.'s trial testimony was consistent with the way B. A. G. described the incident to her. Denham testified that B. A. G. told her, without prompting, that Griffin put his penis in her vagina and that a yellow, creamy substance came out of it and went between her legs.[3]

Child molestation is an immoral or indecent act done to or in the presence of a child under the age of 16 with the intent to arouse or satisfy the sexual desires of the child or the perpetrator.[4] A person commits aggravated child molestation when the act of child molestation physically injures the child or involves an act of sodomy.[5]

Griffin contends the evidence was insufficient because B. A. G. admitted in letters sent to him in jail that she had told a story and that she was sorry. At the trial, however, B. A. G. testified that she wrote the letters because she was afraid that she would be sent to foster care. She also confirmed that her trial testimony was accurate, but testified that the letters were not.

Viewed in the light most favorable to the prosecution, we conclude that the evidence was sufficient to support the conviction beyond a reasonable doubt. Because the victim's testimony alone is sufficient to sustain the convictions,[6] we do not address Griffin's claims of inconsistency in McDaniel's testimony.

2. Griffin contends the trial court erred when it denied his motion for mistrial in which he claimed that his character had been put in issue. The motion was based on testimony from McDaniel

---

[3] Although a warrant was issued against Griffin for the offense of rape, the indictment in the record includes only two counts of aggravated child molestation.

[4] OCGA § 16-6-4 (a).

[5] OCGA § 16-6-4 (c).

[6] *Johnson v. State*, 231 Ga. App. 823 (1) (499 SE2d 145) (1998).

about the timing of the incident between Griffin and B. A. G. On cross-examination by Griffin's trial counsel, McDaniel gave the response that led to the motion:

> GRIFFIN'S COUNSEL: And, after talking with the DFACS worker, y'all put two and two together and found out it happened back on Halloween Day.
> MCDANIEL: The reason I said it couldn't have happened between December is because he had did it to me around about that time.

At that point, Griffin's attorney moved for a mistrial. The judge denied the motion, but instructed the jury that "the response of the witness to the last question was not responsive to the question. I instruct you to ignore that response that she made and give it no consideration whatsoever in your deliberations."

Griffin contends McDaniel's testimony improperly placed his character in issue. He also claims the curative instructions were not sufficient to remove any prejudice from the minds of the jurors.

As the trial judge pointed out, McDaniel's testimony, "because he had did it to me . . . ," could not have been construed to imply Griffin had also molested her, because she is not a child. Regardless of its construction, however, we find McDaniel's testimony did not place Griffin's character in issue. "A [witness's] nonresponsive answer that impacts negatively on a defendant's character does not improperly place the defendant's character in issue."[7]

Even if Griffin's character was placed in issue, we do not find McDaniel's nonresponsive testimony so prejudicial that the judge's curative instructions were ineffective.[8] Decisions on motions for mistrial based on the nonresponsive testimony of a witness are left to the discretion of the trial court. And the decisions will not be overturned if the jury is properly instructed and the remark is not so prejudicial that it violates the defendant's fair trial rights.[9] Under the circumstances, we find that the trial court did not abuse its discretion when it denied Griffin's motion for a mistrial.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED OCTOBER 21, 1999.

---

[7] *Hansley v. State*, 267 Ga. 48, 49 (3) (472 SE2d 305) (1996); *Eagle v. State*, 264 Ga. 1, 2 (2) (440 SE2d 2) (1994).

[8] See *Nelson v. State*, 204 Ga. App. 409, 410 (2) (419 SE2d 502) (1992).

[9] *Young v. State*, 217 Ga. App. 575 (1) (458 SE2d 391) (1995).

*J. Philip Carr*, for appellant.
*Fredric D. Bright, District Attorney, Richard M. Gailey, Jr., Assistant District Attorney*, for appellee.