## A01A1091. HUDSON v. THE STATE.
(554 SE2d 781)

MILLER, Judge.

A jury found Bromekis Hudson guilty of child molestation. On appeal, Hudson claims the trial court erred in denying his several motions for a mistrial because the State improperly placed his character into issue. He also claims the evidence was insufficient to support his conviction. We disagree and affirm.

On appeal from a criminal conviction, the defendant no longer enjoys the presumption of innocence, and we view the evidence in the light most favorable to the jury's verdict.[1] We do not weigh the evidence or determine witness credibility.[2] So viewed, the evidence shows that Hudson worked as a short order cook at a restaurant in Thomson. The owners lived behind the restaurant. At about 7:30 p.m. on March 4, 1998, the owners' eleven-year-old daughter, L. L., walked from her home to the restaurant, where Hudson was working with four other employees. About an hour later, L. L.'s mother called the restaurant looking for her daughter, but there was no answer. She walked to the restaurant. She entered through the back door and found an employee, Justavian McCord, washing a deep fryer in the kitchen sink, although that was normally Hudson's job. She went to

---

the front of the store, by the cash register, and found that the ringer on the phone had been turned off. She then saw Hudson and McCord hurrying out of the men's room. Inside the men's bathroom, she found her daughter standing in a closed toilet stall.

The mother asked L. L. why she was in the men's bathroom, and L. L. replied that she was changing toilet tissue. L. L.'s mother was suspicious that something inappropriate had taken place between L. L. and Hudson, but L. L. repeated her explanation until her mother spanked her and informed her that she was going to take L. L. to the emergency room to see if Hudson had touched her. L. L. then told her mother that Hudson had taken her pants down. The mother took L. L. to the hospital where a medical exam indicated that L. L. had suffered no physical trauma and there was no indication of rape.

L. L. testified at trial that, in a stall in the men's bathroom, Hudson had pulled her pants down and told her to turn around and bend down, and that he touched her vagina with his penis. McCord then came in the bathroom to warn Hudson that L. L.'s mother was in the restaurant. Before Hudson left, he told L. L. to stand on top of the toilet, although L. L. did not do so because she knew her mother would find her anyway.

1. Hudson claims that the evidence presented at trial was insufficient to support his conviction for child molestation. He points to the evidence showing that (1) L. L. experienced no physical trauma; (2) L. L. only told her mother that Hudson had touched her vagina after her mother spanked her; and (3) L. L. told a restaurant employee that nothing had happened between her and Hudson. We note that although L. L. admitted that she spoke to the employee, she testified that she never recanted her claim that Hudson had touched her.

Georgia law does not require that L. L.'s testimony be corroborated.[3] After her initial denials, L. L.'s version of what occurred between her and Hudson in the men's bathroom, as told to her mother, the examining physician, and the jury, was consistent with a finding of guilt. If believed by the jury, L. L.'s testimony alone was sufficient for a rational trier of fact to find Hudson guilty beyond a reasonable doubt of child molestation.[4]

2. Hudson claims the trial court erred in denying his motions for a mistrial because his character was improperly placed in evidence. When the prosecutor asked L. L.'s mother about what had happened in the restaurant bathroom, her reply included the following unre-

---

[3] *Atkins v. State*, 243 Ga. App. 489, 490 (1) (c) (533 SE2d 152) (2000).
[4] See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

sponsive statements: "That's always been my main objective, to keep [my children] away from drugs. And I knew that [Hudson] had been in some trouble for drugs." "When prejudicial matter is improperly placed before the jury, a mistrial is appropriate if it is essential to the preservation of the defendant's right to a fair trial."[5] Whether the mother's statements regarding Hudson's drug use were so prejudicial as to warrant a mistrial was within the discretion of the trial court.[6] In reviewing a trial court's decision whether to grant a mistrial based on the introduction of improper character evidence, "an appellate court may consider the nature of the statement, the other evidence in the case, and the court's and counsel's action in dealing with the impropriety."[7] Here the mother's statement was unsolicited, and the trial court immediately instructed the jury to disregard the testimony. Under these circumstances the trial court did not abuse its discretion in denying Hudson's request for a mistrial.[8]

Defense counsel also made a motion for mistrial after the prosecutor asked the victim a series of questions with regard to previous kissing between L. L. and Hudson. Hudson claims this is similar transaction evidence and that the trial court failed to hold the hearing required by Uniform Superior Court Rule 31.3. However, evidence of prior kissing between L. L. and Hudson is not similar transaction evidence subject to the requirements of Rule 31.3, but is simply evidence of a relationship between L. L. and Hudson that is admissible to show Hudson's motive, intent, and bent of mind in committing the charged act against L. L.[9] The trial court did not err in denying Hudson's motions for a mistrial.

*Judgment affirmed. Andrews, P. J., and Eldridge, J., concur.*

DECIDED SEPTEMBER 19, 2001.

*M. V. Booker*, for appellant.

*Dennis C. Sanders, District Attorney, Durwood R. Davis, Assistant District Attorney*, for appellee.

---

[5] (Citation omitted.) *White v. State*, 268 Ga. 28, 32 (4) (486 SE2d 338) (1997).
[6] Id.
[7] (Footnote omitted.) *Sims v. State*, 268 Ga. 381, 382 (2) (489 SE2d 809) (1997).
[8] See *Griffin v. State*, 240 Ga. App. 494, 496 (2) (523 SE2d 910) (1999).
[9] See *Myrick v. State*, 242 Ga. App. 892, 893 (1) (531 SE2d 766) (2000).