A01A1690. HAYES v. THE STATE.
(557 SE2d 468)

MILLER, Judge.

Following a jury trial, Victory Hayes was convicted of child molestation and various other offenses relating to sexual activity with a minor. On appeal he contends that the trial court erred in admitting a tape-recorded interview of the victim and that the evi-

dence was insufficient to sustain his conviction for child molestation. We discern no error and affirm.

Viewed in the light most favorable to the verdict, the evidence reveals that in August 1997, J. K., an eight-year-old child, was spending the night at her grandmother's home. J. K.'s grandmother was not home that night, but J. K. and her younger siblings were left in the care of her grandmother's live-in boyfriend, Hayes.

During the night, Hayes entered J. K.'s bedroom, touched her on her buttocks, and inserted his finger into her anus. He then carried J. K. to her grandmother's bedroom where he placed her on the bed and attempted to penetrate her vagina with his penis. He then sent J. K. back to her room.

Out of fear, J. K. did not tell anyone about the incident until several weeks later. J. K. first told her aunt that something happened to her, but did not provide any details. Concerned that J. K. had been harmed in some way, the aunt informed J. K.'s mother that something had occurred. Although J. K. did not initially tell her mother about the incident, her mother had noticed that J. K. had been complaining of pain in her anus following the overnight stay at her grandmother's house and that J. K. was reluctant to be alone with Hayes. J. K. eventually told her mother the details of the incident, and her mother informed police.

The police tape recorded their interview with J. K., in which she recounted the events that transpired between her and Hayes. In the interview, J. K. stated that Hayes pulled down her panties and "tried to put his penis inside [her] private part. . . ." This tape-recorded interview was admitted at trial through the testimony of the interviewing police officer over objection from Hayes's counsel.

The jury found Hayes guilty of, among other things, child molestation.

1. Hayes contends that the admission of J. K.'s tape-recorded interview with police was error since J. K.'s testimony was unreliable. We find this enumeration to be without merit.

> A statement made by a child under the age of 14 years describing any act of sexual contact or physical abuse performed with or on the child by another . . . is admissible in evidence by the testimony of the person or persons to whom made if the child is available to testify in the proceedings and the court finds that the circumstances of the statement provide sufficient indicia of reliability.[1]

---

[1] OCGA § 24-3-16.

There are several factors that a court may consider in assessing reliability, including:

> (1) the atmosphere and circumstances under which the statement was made (including the time, the place, and the people present thereat); (2) the spontaneity of the child's statement to the persons present; (3) the child's age; (4) the child's general demeanor; (5) the child's condition (physical or emotional); (6) the presence or absence of threats or promise of benefits; (7) the presence or absence of drugs or alcohol; (8) the child's general credibility; (9) the presence or absence of any coaching by parents or other third parties before or at the time of the child's statement, and the type of coaching and circumstances surrounding the same; and, the nature of the child's statement and type of language used therein; and (10) the consistency between repeated out-of-court statements by the child.[2]

The trial court did not err in admitting the interview. J. K. was available to testify and did in fact testify at trial. Hayes had the opportunity to cross-examine J. K. regarding her memory and the circumstances surrounding her out-of-court statements, and the judge and jury had an opportunity to evaluate J. K.'s veracity. Further, the police officer testified about the manner in which J. K.'s mother came to him and about his involvement in recording the interview. There was no evidence that J. K. was forced to make her statements or that she was coached regarding what to say. To the extent that there may have been any inconsistencies between J. K.'s trial testimony and her tape-recorded statement, such "conflicts between the [tape-recorded] statement and the testimony of the child at trial would not necessarily render the former inadmissible, but would rather present a question of credibility of the witness to be resolved by the trier of fact. . . ."[3]

2. Hayes further argues that the evidence was insufficient to sustain a verdict against him for child molestation. More specifically, he contends that the State did not prove that Hayes actually touched J. K.'s vagina with his penis as alleged in the indictment. We disagree.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence.[4] We do not weigh the evi-

---

[2] (Emphasis omitted.) *Gregg v. State*, 201 Ga. App. 238, 240 (3) (b) (411 SE2d 65) (1991).

[3] *Ware v. State*, 191 Ga. App. 896, 897 (2) (383 SE2d 368) (1989).

[4] *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

dence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.[5]

"A person commits the offense of child molestation when he or she does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person."[6] A person would indeed be guilty of child molestation if he touched a child's vagina with his penis.[7]

J. K.'s testimony that Hayes pulled her panties down and "tried to put his penis inside [her] private part . . . ," if believed by a jury, would be sufficient to convict Hayes of child molestation. Even the police officer who interviewed J. K. testified that J. K. specifically referred to her vagina as her "private part." In addition, J. K.'s mother testified that J. K. told her that Hayes had touched her inappropriately. The evidence was sufficient to sustain the conviction.

*Judgment affirmed. Andrews, P. J., and Eldridge, J., concur.*

DECIDED DECEMBER 13, 2001.

*Hugh O. Morris, Jr.*, for appellant.
*Kenneth B. Hodges III, District Attorney, Gregory W. Edwards, Assistant District Attorney*, for appellee.

---

[5] Id.; see also *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[6] OCGA § 16-6-4 (a).
[7] See, e.g., *Morris v. State*, 226 Ga. App. 535, 536 (1) (488 SE2d 685) (1997).
[1] *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).