A02A0419. SHAMSUDDEEN v. THE STATE.
(565 SE2d 544)

RUFFIN, Judge.

A jury found Abdusaboor Shamsuddeen guilty of one count of aggravated sexual battery and one count of child molestation.[1] Shamsuddeen appeals, contending the trial court erred in admitting the victim's prior, consistent statement, instructing the jury, and failing to merge his convictions. Shamsuddeen also asserts that he received ineffective assistance of trial counsel. For reasons that follow, we affirm the judgment but vacate the sentence and remand the case to the trial court.

Viewed favorably to support the jury's verdict, the evidence shows that on the weekend of April 17, 1999, the 14-year-old victim spent the night with some girlfriends. The next day, the victim was lying down on the sofa. Shamsuddeen, who was sitting on the sofa, began rubbing the victim's stomach. According to the victim, he then put his hand in her pants, underneath her underwear, and put his finger inside her vagina. Although the victim told Shamsuddeen, "no," he did not stop until his niece, who was a friend of the victim's, entered the room.

A week later, the victim told her mother about the incident. The police were notified. On April 26, 1999, Phyllis Marstellar, an investigator with the Department of Family & Children Services, interviewed the victim at the request of the police. Over Shamsuddeen's objection, Marstellar was permitted to testify about what the victim told her during the interview.

1. On appeal, Shamsuddeen contends that the trial court erred in admitting the victim's prior consistent statement. A prior consistent statement is properly admitted " 'as substantive evidence when the veracity of the witness's trial testimony has been placed in issue at trial, the witness is present at trial, and the witness is available for cross-examination.' "[2] "[A] witness's veracity is placed in issue . . . only if affirmative charges of recent fabrication, improper influence, or improper motive are raised during cross-examination."[3] Here,

---

[1] Shamsuddeen was acquitted of a second charge of child molestation.
[2] *Robinson v. State*, 246 Ga. App. 576, 581-582 (5) (541 SE2d 660) (2000).
[3] *Woodard v. State*, 269 Ga. 317, 320 (2) (496 SE2d 896) (1998).

Shamsuddeen argues that the victim's veracity was never placed in issue. We disagree.

During his cross-examination of the victim, Shamsuddeen questioned her about her delay in reporting the incident, as well as her drug and alcohol use the weekend the crime took place. Then, in closing, he argued to jurors that the victim had been under the influence, and they could not "place any credence in" her testimony. Thus, it is evident that Shamsuddeen raised the issue of the victim's veracity, and we find no error in the trial court's admission of the prior consistent statement.[4]

2. Shamsuddeen also maintains that the trial court erred in failing to merge, for sentencing purposes, his convictions of child molestation and aggravated sexual battery. We agree.

" 'Under OCGA § 16-1-6 (1), offenses merge as a matter of fact only if one of them is established by proof of the same or less than all of the facts used to prove the other.' "[5] "If the State uses up all the evidence that the defendant committed one crime in establishing another crime, the former crime is included in the latter as a matter of fact."[6] Here, the victim testified as follows:

Q: And what did [Shamsuddeen] do with his hand?
A: He just placed it up under my pants.
Q: Did you have on underwear?
A: Yes, sir.
Q: Did his hand go underneath your underwear?
A: Yes, sir.
Q: What part of your body did he touch?
A: My vagina.
Q: Okay. Did he touch you with his fingers?
A: Yes, sir.
Q: Did he put his fingers inside the lip area of your vagina?
A: Yes, sir.

This was the only evidence presented regarding Shamsuddeen's contact with the victim.[7] Based on this testimony, it is evident that only one incident took place. Nonetheless, Shamsuddeen was charged with two crimes — aggravated sexual battery and child molestation. While it was proper to prosecute Shamsuddeen for both

---

[4] See *Powell v. State*, 271 Ga. 575, 576 (2) (522 SE2d 656) (1999).

[5] *Seidenfaden v. State*, 249 Ga. App. 314, 319 (4) (547 SE2d 578) (2001).

[6] (Punctuation omitted.) *Jimmerson v. State*, 190 Ga. App. 759, 762 (4) (380 SE2d 65) (1989).

[7] Although Marstellar also testified regarding the incident, her testimony paralleled that of the victim.

crimes, the trial court erred in failing to merge the offenses for sentencing purposes.[8]

The case cited by the State, *Seidenfaden v. State*,[9] does not require a different result. In that case, the defendant was charged with child molestation "by touching, rubbing, and fondling the buttocks, breasts, chest, vagina, and vaginal area of the child."[10] The defendant also was charged with aggravated sexual battery for penetrating the child's vagina with his finger.[11] We found no merger because, in that case, the convictions were supported by separate facts.[12] Here, there are no such separate facts. There is no evidence that Shamsuddeen rubbed the victim's chest or buttocks. And the only evidence that he touched the victim's vagina was in connection with his penetration of the vagina. Under these circumstances, the offenses merged as a matter of fact, and the trial court erred in concluding otherwise. Accordingly, the sentence is vacated, and the case is remanded for resentencing.

3. Shamsuddeen asserts that the trial court erred in instructing the jury that, "[w]hen a defense is raised by the evidence, the burden is on the State to negate or disprove it beyond a reasonable doubt." According to Shamsuddeen, this instruction led jurors to believe that the State was not required to prove his guilt unless he presented a defense. This assertion lacks merit.

" 'It is a fundamental rule that jury instructions must be considered as a whole in determining whether the charge contained error.' "[13] Here, the trial court charged the jury as follows:

> This Defendant is presumed to be innocent until proven guilty. The Defendant enters upon the trial of the case with a presumption of innocence in his favor. This presumption remains with the Defendant until it is overcome by the State with evidence which is sufficient to convince you beyond a reasonable doubt that the Defendant is guilty of the offense charged. No person shall be convicted of any crime unless and until each element of the crime is proven beyond a reasonable doubt. The burden of proof rests upon the State to prove every material allegation of the indictment and every essential element of the crime charged beyond a reasonable doubt. There is no burden of proof upon the Defendant whatever, and the burden never shifts to the Defendant to

---

[8] See id.
[9] Supra.
[10] (Punctuation omitted.) Id. at 319 (4).
[11] See id.
[12] See id.
[13] *Moore v. State*, 246 Ga. App. 163, 168 (8) (a) (539 SE2d 851) (2000).

prove innocence. When a defense is raised by the evidence, the burden is on the State to negate or disprove it beyond a reasonable doubt.

The trial court's entire instruction shows that the court informed jurors that the State bore the burden of proving Shamsuddeen's guilt beyond a reasonable doubt. And we fail to see how the trial court's subsequent instruction on Shamsuddeen's defense, although unnecessary, abrogated the previous instruction on the State's general burden of proof.[14] It follows that this alleged error presents no basis for reversal.

4. Finally, Shamsuddeen contends that he received ineffective assistance of trial counsel. Shamsuddeen states — and the State concedes — that this appeal is his first opportunity to raise his ineffectiveness claim. " 'Generally, when the appeal presents the first opportunity to raise an ineffective assistance claim, we remand the case to the trial court for an evidentiary hearing on the issue.' "[15] Accordingly, we remand the case to the trial court for a hearing on Shamsuddeen's ineffectiveness claim.[16]

*Judgment affirmed. Sentence vacated and case remanded. Pope, P. J., and Barnes, J., concur.*

DECIDED MAY 10, 2002.

*Harvey & McCormack, Walter B. Harvey,* for appellant.
*Timothy G. Madison, District Attorney, Robin R. Riggs, Assistant District Attorney,* for appellee.

---

[14] Indeed, if Shamsuddeen had presented an affirmative defense, the trial court would have been required to give a requested charge like the one at issue, and failure to do so would constitute reversible error. See *Palmer v. State*, 247 Ga. App. 586-587 (1) (544 SE2d 215) (2001). Here, however, Shamsuddeen did not present an affirmative defense. See *Carlson v. State*, 240 Ga. App. 589, 591 (3) (524 SE2d 283) (1999) ("Affirmative defenses are those in which the defendant admits doing the act charged but seeks to justify, excuse, or mitigate his conduct.").

[15] *Wiley v. State*, 250 Ga. App. 731, 735 (3) (552 SE2d 906) (2001).

[16] See id.