## A02A1924. CHILDERS v. THE STATE.

(571 SE2d 420)

PHIPPS, Judge.

Glenn Childers was convicted of child molestation and aggravated sexual battery based on evidence that he penetrated his 11-year-old stepdaughter, D. G.'s, vagina with his fingers and touched her between her legs for the purpose of satisfying his sexual desires. In this appeal, Childers complains of limitations placed by the trial court on his cross-examination of D. G.'s mother (his former wife). He also challenges the sufficiency of the evidence, and he contends that the trial court erred in failing to merge the offenses. Finding no merit in any of these claims of error, we affirm.

1. On appeal from a criminal conviction, we view the evidence in the light most favorable to the jury's verdict to determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offenses beyond a reasonable doubt.[1]

D. G. testified that one night when her mother was at work, she awoke to discover Childers in her bedroom. According to D. G., he kneeled down beside her bed and touched her vagina. She testified that he pulled her panties down around one of her ankles, placed her feet on his shoulders, and inserted his fingers into her vagina, causing it to "hurt bad." When asked whether he touched her anywhere

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

else, D. G. responded that he touched her "[d]own in between my legs." D. G. thought Childers stopped because he heard her eight-year-old brother stirring in the adjacent bedroom. After Childers left D. G.'s bedroom, she told her brother what had happened. The two children remained together in the same room until their mother came home. They told her what had happened, and she confronted Childers. Within the next few days, other relatives were informed, and the police were called. After law enforcement and Department of Family & Children Services (DFACS) investigators interviewed D. G., her brother, their mother, and Childers, criminal charges were brought.

Although D. G. told a DFACS investigator that she had tried to get Childers to stop, she testified that she had pretended to be asleep during the episode. Otherwise, her out-of-court statements were consistent with her trial testimony. D. G.'s brother testified at trial. He confirmed that he had seen Childers leaving D. G.'s bedroom on the night in question, and that D. G. had come into his room and told him that Childers had molested her.

After the incident was reported, D. G. was examined by an emergency room physician. Although he found no injury to the hymen, he testified that such finding was not inconsistent with digital penetration of the vagina.

This evidence was sufficient under the standard of *Jackson v. Virginia*.[2] It was the function of the jury to resolve any conflicts between D. G.'s out-of-court statements and her trial testimony, as well as the credibility of the witnesses generally.[3] The absence of physical injury did not mandate an acquittal.[4]

2. The court did not err in refusing to merge the offenses. "Under OCGA § 16-1-6 (1), offenses merge as a matter of fact only if one of them is established by proof of the same or less than all of the facts used to prove the other."[5] Childers's conviction of aggravated sexual battery is supported by evidence that he penetrated D. G.'s vagina with his fingers, and his conviction of child molestation is supported by evidence that he also touched her down in between her legs. Consequently, the convictions are supported by separate facts, and there is no merger.[6]

---

[2] Supra.

[3] *Watkins v. State*, 273 Ga. 307, 309 (1) (540 SE2d 199) (2001).

[4] See OCGA §§ 16-6-4 (a); 16-6-22.2; compare OCGA § 16-6-4 (c) (showing that although physical injury is an element of aggravated child molestation, it is not an element of child molestation or aggravated sexual battery).

[5] (Punctuation and footnote omitted.) *Shamsuddeen v. State*, 255 Ga. App. 326, 327 (2) (565 SE2d 544) (2002).

[6] See *Seidenfaden v. State*, 249 Ga. App. 314, 319 (4) (547 SE2d 578) (2001); compare *Shamsuddeen v. State*, supra.

3. The court did not abuse its discretion in limiting Childers' cross-examination of D. G.'s mother.

She testified that shortly after this incident, she informed Childers that she wanted a divorce, which was finalized before this case was tried. Childers sought to cross-examine his former wife concerning her spending practices during their marriage. Specifically, he sought to show that she had been pocketing her paychecks, and spending his paychecks to pay bills which benefitted her individually rather than satisfying the parties' joint debts. Childers claimed that this established her motive to concoct these charges against him. The court ruled that Childers could question his former wife concerning their divorce for the purpose of showing their state of feelings toward each other, and that he could cross-examine her as to any offer she might have made to drop the criminal charges in return for a favorable property settlement, but that her prior spending practices were not relevant in this case.

"Generally questions of relevance are within the domain of the trial court."[7] This case is governed by that general rule.[8] "The trial court may restrict the scope of the cross-examination to matters relevant to the issues being tried, and the results of the exercise of that discretion will not be interfered with on appellate review unless the discretion was manifestly abused."[9] The court did not abuse its discretion in finding no relevance in the evidence sought to be admitted here.

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED SEPTEMBER 13, 2002.

*James K. Luttrell, Gregory A. Hicks,* for appellant.
*Garry T. Moss, District Attorney, Cecelia Harris, Assistant District Attorney,* for appellee.

---

[7] (Punctuation and footnote omitted.) *Carson v. State,* 250 Ga. App. 876, 877 (2) (553 SE2d 312) (2001).

[8] Compare *Spitzberg v. State,* 233 Ga. App. 848, 849 (1) (506 SE2d 143) (1998) (where there is conflicting evidence in criminal cases, it is reversible error to refuse to permit the State's witness on cross-examination to testify that he has damage suit pending based on same facts involved in criminal case).

[9] (Citation, punctuation and footnote omitted.) *Wheeler v. State,* 212 Ga. App. 638, 639 (2) (442 SE2d 906) (1994).