## A04A0016. RUDISAIL v. THE STATE.
### (593 SE2d 747)

ELLINGTON, Judge.

A Turner County jury convicted Donald Rudisail of two counts of child molestation, OCGA § 16-6-4 (a); and one count of aggravated child molestation, OCGA § 16-6-4 (c). Following the denial of his motion for new trial, Rudisail appeals, challenging the admission of similar transaction evidence and the sufficiency of the evidence. We affirm one count of child molestation and the aggravated child molestation count, but, because the remaining count of child molestation as indicted merged into the aggravated child molestation count, we vacate the sentence in part and remand.

1. Rudisail contends that, because the State provided notice of its intention to introduce evidence of a similar transaction only eight days before trial, the trial court abused its discretion in admitting the evidence. At a pretrial hearing, the prosecutor stated that notice was provided as soon as possible after the similar transaction witness, the victim's mother, told the prosecutor that Rudisail had molested her when she was ten and eleven years old. "Although Rule 31.1 requires the notice to be filed at least 10 days before the trial,[1] it authorizes the exercise of a trial court's discretion by providing that the trial court may shorten or lengthen the time for compliance with the rule." (Citation omitted.) *Thaxton v. State,* 260 Ga. 141, 144 (6) (390 SE2d 841) (1990) (five days notice was sufficient). Where the State fails to comply with the requirements of Rule 31.1, the State bears the burden of showing that its noncompliance did not harm the defendant. *Davidson v. State,* 232 Ga. App. 250, 251 (1) (501 SE2d 510) (1998). We will not reverse a trial court's decision to shorten the

---

[1] In pertinent part Uniform Superior Court Rule 31.1 provides: "Notices of the state's intention to present evidence of similar transactions or occurrences . . . shall be given and filed at least ten [10] days before trial unless the time is shortened or lengthened by the judge."

time absent an abuse of discretion. *Thompson v. State*, 186 Ga. App. 421, 422 (2) (367 SE2d 586) (1988).

In this case, the record shows that Rudisail had the opportunity to interview the witness after the State's Rule 31.1 notice and before trial. Further, Rudisail's attorney admitted at the hearing that he had actual notice of the allegations months before trial. Finally, Rudisail confronted the witness at trial with evidence of her previous statement that Rudisail had not molested her. Having reviewed the record in this case, we find that the trial court did not abuse its discretion in ruling that the eight days notice given by the State was sufficient under the circumstances. *Robinson v. State*, 257 Ga. 194-195 (1) (357 SE2d 74) (1987) (under the circumstances, notice was sufficient when given as soon as State received the information).

2. Rudisail contends the evidence was insufficient to convict him of the three counts charged. When a criminal defendant challenges the sufficiency of the evidence supporting his or her conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Citation and emphasis omitted.) *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979). The jury, not this Court, resolves conflicts in the testimony, weighs the evidence, and draws reasonable inferences from the evidence. Id. "As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld." (Citation and punctuation omitted.) *Miller v. State*, 273 Ga. 831, 832 (546 SE2d 524) (2001). In his brief, after recounting the evidence in detail, Rudisail failed to identify any material element of the crimes charged as to which the State's evidence was lacking.

Viewed in the light most favorable to the prosecution, the evidence showed the following facts. During the last three or four months of 2000, Rudisail, the victim's stepgrandfather, fondled the eleven-year-old victim's vagina through her clothes two or three times. Count 2 of the indictment charged Rudisail with sexually molesting the victim "by placing his hand on the vaginal area of the child." The evidence was sufficient for the jury to find Rudisail guilty beyond a reasonable doubt of this charge. *Kidd v. State*, 257 Ga. App. 744 (1) (572 SE2d 80) (2002); *Woods v. State*, 244 Ga. App. 359, 360 (1) (535 SE2d 524) (2000).

During the same time frame, Rudisail touched his bare penis to the victim's vagina, attempting or achieving intercourse, one time. An expert testified that the victim sustained injuries to her hymen as a result of penetration. Count 1 of the indictment charged Rudisail with sexually molesting the victim "by placing his penis on the

vagina of the child." Count 3 charged Rudisail with aggravated child molestation "by placing his penis in and around the vaginal area of the child, said act causing physical injury to the child by damaging the hymen of the child." The evidence was sufficient for the jury to find Rudisail guilty beyond a reasonable doubt of Count 1 and Count 3. *Hayes v. State*, 252 Ga. App. 897, 900 (2) (557 SE2d 468) (2001); *Hudson v. State*, 251 Ga. App. 592, 593 (1) (554 SE2d 781) (2001); *Castro v. State*, 241 Ga. App. 546, 547, n. 3 (527 SE2d 12) (1999) (element of physical injury for offense of aggravated child molestation was satisfied by evidence of "a severe penetrating injury to [the victim's] hymen"); *House v. State*, 236 Ga. App. 405, 407, 410 (2) (512 SE2d 287) (1999) (element of physical injury for offense of aggravated child molestation was satisfied by evidence "that the victim's hymen had been torn away in the past" and that the victim had an injury at the entrance to her vagina described as a callus).

Because there was evidence of only one incident of Rudisail's placing his penis in, on, or around the child's vagina or her vaginal area, however, we find that Count 1, child molestation, was included as a matter of fact in Count 3, aggravated child molestation. See OCGA §§ 16-1-6 (1); 16-1-7 (a) (1).

> Georgia law bars conviction and punishment of all crimes which arise from the same criminal conduct and are as a matter of law or a matter of fact included in the major crime for which the defendant has been convicted. The judgment of conviction and the sentence imposed for offenses included as a matter of fact or law in another offense arising out of the same facts for which the defendant has been found guilty and been sentenced are vacated by operation of law.

(Citations omitted.) *Curtis v. State*, 275 Ga. 576, 577 (1) (571 SE2d 376) (2002). Thus, a trial court may not impose sentence for both a major crime and its lesser included offense. In this case, because the State "use[d] up all the evidence that [Rudisail] committed [Count 1] in establishing [Count 3], the former crime is included in the latter as a matter of fact." (Punctuation and footnote omitted.) *Shamsuddeen v. State*, 255 Ga. App. 326, 327 (2) (565 SE2d 544) (2002) (where evidence showed the only time the defendant touched the victim's vagina with his hand was at the same time he penetrated the victim's vagina with his fingers, child molestation was a lesser included offense of aggravated sexual battery). See also *Lay v. State*, 264 Ga. App. 483, 484 (2) (591 SE2d 427) (2003) (where evidence established a single act of sexual intercourse, the offense of aggravated child molestation as alleged was included as a matter of fact in the offense of rape as alleged); *Andrews v. State*, 200 Ga. App. 47-48 (1) (406

SE2d 801) (1991) (where evidence established a single act of sexual intercourse, "the offense of statutory rape as alleged was included as a matter of fact in the offense of aggravated child molestation as alleged") (citations and punctuation omitted). Accordingly, in this case, although the State properly prosecuted Rudisail for both offenses, the trial court should have convicted and sentenced him only for the aggravated child molestation. *Lay v. State*, 264 Ga. App. at 484 (2); *Shamsuddeen v. State*, 255 Ga. App. at 327 (2); *Andrews v. State*, 200 Ga. App. at 47-48 (1).[2]

We note that Rudisail failed at the time of sentencing to object to the trial court's failure to merge the offenses, and further failed to argue the merger issue on appeal. But a defendant does not, by failing to raise the issue in the trial court, waive the issue of whether his convictions merged as a matter of fact. *Curtis v. State*, 275 Ga. at 577 (1). Further, "[s]ince one may not be convicted legally of a crime which is included as a matter of law or fact in another crime for which the defendant stands convicted, the conviction and sentence for the included crime must be vacated by the appellate court, even if not enumerated as error." (Citations omitted.) Id. Thus, despite Rudisail's procedural failures, we must vacate the separate conviction and sentence as to Count 1 and remand the case to the trial court for resentencing. Id.; see *Lay v. State*, 264 Ga. App. at 484 (2); *Shamsuddeen v. State*, 255 Ga. App. at 327 (2).

*Judgment affirmed, sentence vacated in part and case remanded. Andrews, P. J., and Miller, J., concur.*

DECIDED JANUARY 26, 2004.

*Lon P. Kemeness*, for appellant.

*C. Paul Bowden, District Attorney, Bradford L. Rigby, Assistant District Attorney*, for appellee.

---

[2] We decline to follow *Childers v. State*, 257 Ga. App. 377, 378 (2) (571 SE2d 420) (2002), in which this Court held that the victim's testimony that, in one incident, the defendant penetrated her vagina with his fingers and "that he also touched her down in between her legs" supported separate convictions of both aggravated sexual battery and child molestation.