**FOURTH DIVISION**
**DOYLE, P. J.,**
**ANDREWS and BOGGS, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. (Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008) http://www.gaappeals.us/rules/

April 30, 2012

# In the Court of Appeals of Georgia

A12A0754. CASTANEDA v. THE STATE.

ANDREWS, Judge.

Alejandro Castaneda was found guilty by a jury of aggravated sexual battery and two counts of child molestation. On appeal, he claims that the evidence was insufficient to support the guilty verdict for aggravated sexual battery, and that his conviction for the offense of aggravated sexual battery merged with his conviction for molesting the child in connection with that offense. We find that the evidence was sufficient to support the conviction for aggravated sexual battery, but agree that one count of child molestation merged with aggravated sexual battery.

1. On appeal from a criminal conviction, a defendant no longer enjoys the presumption of innocence, and the evidence is viewed in the light most favorable to the guilty verdict. *Parker v. State*, 220 Ga. App. 303 (469 SE2d 410) (1996). Viewed

in this light, the State produced the following evidence. The victim, who was Castaneda's daughter and 13 years old at the time of the alleged crimes, testified that on two occasions Castaneda touched her vagina with his hand while they were lying together in bed. A police officer who interviewed the child testified that the child told him that Castaneda touched her between her legs and put his fingers inside of her. A nurse who interviewed the child testified that the child told her that on more than one occasion Castaneda touched her with his hand in her groin area and that he put his finger inside her. Castaneda gave a statement to police in which he admitted that on two occasions he put his hand on the child's vagina. Castaneda claimed in the statement that he only put the tip of his finger inside the child, and that she encouraged the incidents by fondling him. The evidence was sufficient for the jury to find beyond a reasonable doubt that Castaneda was guilty of two counts of child molestation by touching the child's vagina with his hand in violation of OCGA § 16-6-4 (a), and one count of aggravated sexual battery by penetrating the child's sexual organ with his finger in violation of OCGA § 16-6-22.2. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The evidence showed that Castaneda committed the offense of child molestation under count 2 of the indictment by touching the child's vagina with his

2

hand at the same time that he committed the offense of aggravated sexual battery by penetrating her vagina with his finger. Because, looking at the evidence required to prove each crime, child molestation under count 2 was established by proof of the same or less than all the facts required to establish commission of aggravated sexual battery, child molestation under count 2 was a lesser included offense of aggravated sexual battery and merged into aggravated sexual battery as a matter of fact. *Hudson v. State*, 309 Ga. App. 580-582 (711 SE2d 95) (2011); *Davenport v. State*, 277 Ga. App. 758, 760-761 (627 SE2d 133) (2006); *Rudisail v. State*, 265 Ga. App. 293, 295 (593 SE2d 747) (2004); *Shamsuddeen v. State*, 255 Ga. App. 326, 327-328 (565 SE2d 544) (2002). Accordingly, the conviction and sentence for child molestation under count 2 is vacated, the sentences are vacated on the remaining counts, and the case is remanded to the trial court for re-sentencing.

*Judgment affirmed in part and vacated in part. Sentences vacated and case remanded for re-sentencing. Doyle, P. J., and Boggs, J., concur.*