Opinion by: Patricia O. Alvarez, Justice
On January 12, 2017, Appellant Ernest Villarreal was convicted by a Bexar County jury of two counts of aggravated sexual assault and five counts of indecency with a child. The trial court subsequently assessed punishment at forty-years' confinement in the Institutional Division of the Texas Department of Criminal Justice and a fine in the amount of $2,000.00 on each count.
PROCEDURAL AND FACTUAL BACKGROUND
In July of 2013, Villarreal moved in with his niece Jennifer, her boyfriend Ernest, and her four children. Villarreal slept in a bedroom with his niece's three daughters. Villarreal slept on the bottom bunk, two of his nieces slept on the top bunk, and one niece slept on the couch.
P.G., who was ten-years-old at the time, testified that on a few occasions she fell asleep on the bottom bunk after watching a movie. P.G. testified that, on three occasions, Villarreal laid behind P.G. and pulled her waist towards him. He then pulled down her pajama shorts and underwear, and touched "her butt." P.G. further testified that Villarreal touched her first on the outside and then inside her anus with what "[a]t first, it felt like a finger. And then it changed.... it felt bigger." Additionally, P.G. described how after Villarreal was inside her anus, he would "rub" on her by grabbing her legs towards him and rub on her thighs while her pants and his pants were down. P.G. stated that this, or something similar, occurred about three times over the period of a few days.
After the girl's bunkbed was moved to a different room, and Villarreal was in his own room, P.G. broke down and told Ernest "one night that [P.G. and Villarreal] were lying in bed and [Villarreal] had *845 pulled her panties down." Ernest testified that he stopped P.G. because he "lost [his] mind after that." Ernest took the children to his mother's house, told his mom what P.G. said, and called Jennifer, P.G.'s mother. Ernest asked Jennifer to come home quickly "because something really bad happened to [P.G.]"
On appeal, both parties agree the alleged incidents occurred on three different days. The jury was charged, and found Villarreal guilty on each of the following counts:
Count I: Aggravated Sexual Assault of a Child
Count II: Aggravated Sexual Assault of a Child
Count III: Indecency with a Child by Sexual Contact
Count IV: Indecency with a Child by Sexual Contact
Count V: Indecency with a Child by Sexual Contact
Count VI: Indecency with a Child by Sexual Contact
Count VII: Indecency with a Child by Sexual Contact
The State concedes the evidence only supports six counts in the indictment; and, that this court should reform the judgment to enter a judgment of acquittal as to count VII.
Villarreal does not contest the sufficiency of the State's evidence on counts one and two, the aggravated sexual assault charges. Villarreal also does not contest the sufficiency of the State's evidence to support count III, indecency with a child. Therefore, the only questions before this court are whether the indecency with a child charges, alleged in counts IV, V, and VI, are subsumed in aggravated sexual assault and indecency charges, alleged in counts I, II, and III, and thus barred by double jeopardy.
We turn first to Villarreal's contention that the indecency charges alleged in counts IV, V, and VI are subsumed in counts I, II, and III and thus barred by double jeopardy.
DOUBLE JEOPARDY
A. Standard of Review
The Fifth Amendment guarantee against double jeopardy protects a defendant against multiple punishments for the same offense. See U.S. CONST. amend. V ; TEX. CONST. art. I, § 14 ; Garfias v. State , 424 S.W.3d 54, 58 (Tex. Crim. App. 2014). "A multiple punishments double-jeopardy violation occurs if both a greater and a lesser-included offense are alleged and the same conduct is punished once for the greater offense and a second time for [the] lesser." Ex parte Denton , 399 S.W.3d 540, 545 (Tex. Crim. App. 2013) ; accord Blockburger v. United States , 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932) ; see also Littrell v. State , 271 S.W.3d 273, 278-79 (Tex. Crim. App. 2008) (concluding lack of legislative intent, absent a clear indication otherwise to authorize multiple punishments for two offenses that are the same under the Blockburger test). In comparing the offenses, an appellate court "focus[es] on the elements alleged in the charging instrument." Ex parte Denton , 399 S.W.3d at 546.
B. Arguments of the Parties
Villarreal argues the indecency with a child charges in counts IV, V, and VI are subsumed in the aggravated sexual assault charges and the one indecency with a child charge; therefore, they are barred by the principles of double jeopardy.
The State counters that more than one crime was committed during each of the three incidents. Specifically, the State asserts that because Villarreal did not stop with touching, but instead chose to penetrate *846 the child's anus, Villarreal committed both indecency with a child and aggravated sexual assault.
C. Elements of the Charged Offenses
An understanding of the elements of the charged offenses is pivotal to our analysis of the parties' arguments.
1. Aggravated Sexual Assault of a Child
A person commits aggravated sexual assault of a child if he, "intentionally or knowingly ... causes the penetration of the anus or sexual organ of a child by any means." TEX. PENAL CODE ANN. § 22.021(a)(B)(i) (West Supp. 2017); see Martinez v. State , 524 S.W.3d 344, 347 (Tex. App.-San Antonio 2017, pet. ref'd).
2. Indecency with a Child
As relevant to this case, "[a] person commits an offense if, with a child younger than 17 years of age ... the person ... engages in sexual contact with the child or causes the child to engage in sexual contact." TEX. PENAL CODE ANN . § 21.11(a)(1).
C. Lesser Included Offenses
1. On or About Alleged in the Indictment
The jury convicted Villarreal of two counts of aggravated sexual assault by penetration alleged to have occurred on or about October 12, 2013, and October 19, 2013, respectively. The jury also convicted Villarreal on five counts of indecency with a child by contact alleged to have occurred on or about October 13, 14, 15, 16, and 17, 2013, respectively. "It is well settled that the 'on or about' language of an indictment allows the State to prove a date other than the one alleged in the indictment as long as the date is anterior to the presentment of the indictment and within the statutory limitation period." Sanchez v. State , 400 S.W.3d 595, 600 (Tex. Crim. App. 2013) (quoting Sledge v. State , 953 S.W.2d 253, 256 (Tex. Crim. App. 1997) ). Because the State concedes the incidents occurred over three days, we need not address the variance in the dates alleged in the indictments.
2. Patterson Test
In Patterson v. State , 152 S.W.3d 88, 89 (Tex. Crim. App. 2004), the defendant was convicted of aggravated sexual assault of a child by penetration, aggravated sexual assault of a child by contact, indecency with a child by contact, indecency with a child by exposure and attempted indecency with a child by contact. Id. These charges arose out of two essentially identical incidents against one eleven-year old victim during a single night. Id. The victim testified that the defendant tried to make her touch his penis with her hand and when she pulled her hand away, he put his "private" in her "butt." Id. at 90. The victim then went to the bathroom; when she returned, the defendant attempted to make her touch his penis with her hand. Id. When she pulled away, he penetrated her anus a second time. Id. The court in Patterson held that because the record did not show an occasion during the assaults when the defendant's exposure of his penis was a separate offense, the exposures were incident to, and subsumed by, the aggravated sexual assaults by penetration. Id. at 92 ; see also Aekins v. State , 447 S.W.3d 270, 281-83 (Tex. Crim. App. 2014) (concluding contacting and penetrating victim's mouth with defendant's sexual organ constituted single criminal act).
"[I]n Texas, as in many other jurisdictions, a defendant may not be convicted for a completed sexual assault by penetration and also for conduct (such as contact) that is demonstrably and inextricably part of that single sexual assault." Aekins , 447 S.W.3d at 281 (citing Castaneda v. State , 315 Ga.App. 723, 727 S.E.2d 543, 544-45 (2012) (explaining child molestation *847 involving touching a child's vagina by defendant's hand merged into aggravated assault by penetration with finger) ); see also Patterson , 152 S.W.3d at 92. In other words, "[w]here the evidence shows the defendant committed only one act that could be used to prove both a greater inclusive and a lesser included offense, the defendant cannot be convicted of both offenses." Martinez , 524 S.W.3d at 347. "Indecency with a child by touching the child's genitals can be a lesser-included offense of aggravated sexual assault of a child by penetrating the child's sexual organ if the same act is used to prove both the touching and the penetration." Id. Because the offenses are considered the same under the Blockburger Test, prosecution for such is barred by double jeopardy. Aekins , 447 S.W.3d at 281 ; accord Martinez , 524 S.W.3d at 347. cf. Banks v. State , 494 S.W.3d 883, 890-92, 898-99 (Tex. App.-Houston [14th Dist.] 2016, pet. ref'd) (examining evidence of break in events, including evidence that complainant left between indecency and sexual assault, creating different acts at different times); Loving v. State , 401 S.W.3d 642, 649 (Tex. Crim. App. 2013) (concluding exposure of defendant's penis to masturbate, indecency by exposure, was a separate and distinct act from indecency by contact, causing the victim to touch his genitals).
We must therefore determine whether Villarreal's convictions for indecency with a child by contact were "subsumed" in the completed acts of aggravated sexual assault by penetration.
D. Analysis
In this case, P.G. testified that each of the three instances happened in a similar fashion. Villarreal would lay on the bottom bunk with P.G., pull down her clothes, he would touch her on her "butt," penetrate her anus with his finger and then his penis; Villarreal would then rub on her thighs while penetrating her. P.G. testified, "[a]t first, it felt like a finger. And then it changed.... Like, it felt bigger ... and it felt like skin." The record does not show the touching of P.G.'s anus, i.e., the indecency by contact, was a separate incident than the penetration of her anus, i.e., the aggravated sexual assault. Compare Aekins , 447 S.W.3d at 281 (no break in events) with Banks , 494 S.W.3d at 890-91 (break in events).
The act of Villarreal coming into contact with the victim's anus as he penetrates her is analogous to Aekins's mouth coming into contact with the victim's genitals as he penetrated her with his mouth. See Aekins , 447 S.W.3d at 281. Contrary to the State's argument, the court in Aekins held that the contact by mouth was subsumed by the penetration by mouth because the jury "could not have found two separate acts of the defendant's mouth contacting and penetrating [the victim]'s sexual organ." Id. at 283. As in Aekins , our record does not indicate that the act of contact and the act of penetration were separate and distinct. See ids="6904123" index="32" url="https://cite.case.law/sw3d/447/270/#p281">id.
Additionally, the State has failed to show how the evidence supports two acts of indecency with a child occurred on any of these occasions. In counts III through VII, Villarreal was charged with commission of indecency with a child by the same manner and means. The record does not contain evidence of a different manner and means of indecency by contact. The State's indecency counts were predicated on Villarreal causing P.G. to touch part of Villarreal's genitals with the intent to arouse or gratify Villarreal's sexual desire. See TEX. PENAL CODE ANN. 21.11(a)(1). All parties agree there were only three incidents. Therefore, in the one incident where the jury found Villarreal guilty of indecency with a child by sexual contact in count III, we conclude the State failed to show any *848 additional acts or incidents to support a separate and distinct offense of indecency by sexual contact with a child pursuant to section 21.11(a)(1) of the Texas Penal Code. See ids="6904123" index="33" url="https://cite.case.law/sw3d/447/270/#p281">id. ; Garfias , 424 S.W.3d at 58.
Because the record only supports three distinct acts, counts IV, V, and VI are barred by double jeopardy and we reverse the trial courts judgment on counts IV, V, and VI. Additionally, in accordance with the parties' agreement that count VII is barred by double jeopardy, we reverse count VII of the trial court's judgment. We therefore reform the trial court's judgment and enter an acquittal on counts IV, V, VI, and VII. We affirm the guilty verdicts on counts I, II, and III of the trial court's charge.[1]
TEXAS PENAL CODE SECTION 21.11(a)(1)
In count III, all parties agree Villarreal was charged and convicted of indecency with a child pursuant to section 21.11(a)(1) of the Texas Penal Code. See TEX. PENAL CODE ANN . § 21.11(a)(1). "An offense under Subsection (a)(1) is a felony of the second degree...." Id. § 21.11(d). An individual convicted of a second degree felony "shall be punished by imprisonment in the Texas Department of Criminal Justice for any term of not more than 20 years or less than 2 years ... [and] a fine not to exceed $10,000." Id. § 12.33 (West 2011).
Because the trial court assessed punishment on count III at forty-years' confinement, outside of the allowable punishment range, we reverse the trial court's punishment and remand this matter to the trial court for a new sentencing hearing on count III in accordance with the appropriate penalty range.
CONCLUSION
Having concluded that counts IV, V, VI, and VII were barred by double jeopardy, we reverse the trial court's judgment on counts IV, V, VI, and VII and reform the judgment to reflect an acquittal on each of these counts. Additionally, we affirm the trial court's guilty verdict on count III; however, we reverse the trial court's punishment on count III, and remand this matter to the trial court to conduct a new punishment hearing on count III. The trial court's judgment as to counts I and II is affirmed in its entirety.

Having concluded counts IV, V, VI, and VII are barred by double jeopardy, we need not address Villarreal's sufficiency of the evidence argument. See Tex. R. App. P . 47.1.