## 37786. BERRY v. THE STATE.

SMITH, Justice.

Appellant was convicted of murder and armed robbery. He received a life sentence for the murder and twenty years for the armed robbery. Appellant raises three enumerations of error. We affirm in part and reverse in part with direction.

1. In his third enumeration of error appellant challenges the sufficiency of the evidence.

From the evidence adduced at trial, a rational trier of fact was authorized to find the following: At approximately 4:00 p.m., on July

9, 1979, appellant arrived at his residence. Therrell Thurmond, Harry Jones and Victor Collier arrived shortly thereafter. Thurmond offered to sell appellant his automatic pistol. After appellant declined the offer, the men drove to Pritchett Radiator Shop. Thurmond again tried to sell the pistol, but was unsuccessful. The group then returned to appellant's residence.

While at the residence, a man named "Doodle" stopped by. He asked Jones if he knew "anywhere he could take off a lick." Jones responded in the negative, and Doodle left. Jones then suggested a place in Orchard Hill that "we could go and rob." Thurmond responded that "we could go and check it out." Appellant did not attempt to talk the group out of going. He and the others drove to Orchard Hill in his automobile. Appellant was at the wheel.

"The plan" was to drive "across the tracks," walk to a certain store, commit the robbery and then walk back to the car. However, when the group arrived at Orchard Hill, Thurmond "chickened out." The men began to drive back to Griffin. En route, they decided to rob Betty's Bottle Shop, a Griffin liquor store.

Upon arriving in Griffin, appellant drove to the Bottle Shop and parked his car behind the building. Thurmond and Collier got out of the car and entered the store. Thurmond was wearing sun glasses borrowed from appellant and a hat. He carried a gun which appellant knew was loaded. During the robbery, Thurmond shot the store attendant twice in the head. Thurmond and Collier then ran back to appellant's car and jumped in as the car was rolling. Thurmond stated he had "hit the man at the beer store twice." The money from the robbery was divided. Shortly thereafter, Thurmond and Collier left appellant and Jones on foot. Later that evening, the men met at appellant's house and played cards.

Police arrived at the murder scene at approximately 9:40 p.m. The cash register was open and all of the money was missing. The victim was lying on the floor with two .25 caliber cartridges near his feet.

The pulse of the victim stopped before an ambulance arrived. The cause of death was determined to be "brain damage, secondary to two gunshot wounds of the head."

Appellant contends that the only evidence linking him to the murder and armed robbery is the uncorroborated testimony of his alleged accomplice, Thurmond. He argues this testimony is insufficient to establish his guilt because "there must be independent corroborating evidence which tends to connect the *accused* with the crime." *West v. State,* 232 Ga. 861, 865 (209 SE2d 195) (1974).

We agree with appellant that Thurmond's testimony regarding appellant's participation in the offense must be corroborated under

Code Ann. § 38-121. However, we do not believe the corroborating evidence adduced at trial was legally insufficient. "The sufficiency of the corroboration evidence is peculiarly a matter for the jury to determine. If the verdict is founded on slight evidence of corroboration connecting a defendant with the crime, the verdict is legally sufficient. See *Slocum v. State,* 230 Ga. 762 (3) (199 SE2d 202) (1973)." *Carter v. State,* 237 Ga. 617, 618 (229 SE2d 411) (1976). Contrary to appellant's assertions, "[t]he necessary corroboration may consist entirely of circumstantial evidence, and evidence of the defendant's conduct before and after the crime was committed may give rise to an inference that he participated in the crime. *Williams v. State,* 222 Ga. 208, 220 (149 SE2d 449) (1966)." *Drake v. State,* 241 Ga. 583, 586 (247 SE2d 57) (1978).

Appellant made a statement to police and testified at trial. He admitted knowing that his companions talked about robbing a package store and that Thurmond had a loaded gun in his possession. He also admitted that he had let Thurmond and Collier out of his car "[r]ight across the street from the package store; "that a short while later, he saw the two coming back across Taylor Street"; that "they jumped in the car;" that Thurmond informed him of the shooting; and that he was paid some money. "This evidence was sufficient corroboration of [appellant's] involvement in the crimes. [Cit.]" *Drake v. State,* supra, at 586. Although portions of appellant's statement and testimony support his contention that he was an unwitting participant in the robbery and murder, the jury was not required to accept these declarations. *Jones v. State,* 242 Ga. 893, 894 (252 SE2d 394) (1979). *Mathis v. State,* 242 Ga. 761, 763 (251 SE2d 305) (1978). We therefore turn to the question of whether the evidence, including the testimony of Thurmond, authorized the murder conviction under the standards set forth in Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Whether based on a finding of felony murder or malice murder, the murder conviction must stand. "The evidence supports a finding that in the commission of the armed robbery murder 'with malice aforethought' was committed. It further supports the findings that [appellant] was a part of the conspiracy to commit armed robbery, and that the murder was a probable consequence of the armed robbery.... [U]nder the law of this state, [appellant], as a co-conspirator, is equally responsible for the murder although he was not present at the killing but remained outside in an automobile in aid of their escape. *Callahan v. State,* 209 Ga. 211 (71 SE2d 86) (1952); *Gore v. State,* 162 Ga. 267 (134 SE 36) (1926); *Berryhill v. State,* 151 Ga. 416 (107 SE 158) (1921)." *Tarpkin v. State,* 236 Ga. 67, 70-71 (222 SE2d 364) (1976); *Jones v. State,* supra; *Mathis v. State,* supra. "However, under

these circumstances the armed robbery offense is a lesser included offense of the murder conviction, requiring that [appellant's] conviction of armed robbery be vacated." *Tarpkin v. State,* supra at 71; *Stanley v. State,* 240 Ga. 341, 343 (241 SE2d 173) (1977).

2. In his second enumeration, appellant asserts that the trial court erred in admitting certain photographs of the victim into evidence. He contends their admission was unnecessary since "persons of expertise and authority [provided] testimony and physical evidence of [the] crime and such [was] admitted unchallenged." "We have considered similar [contentions] in a large number of cases and unless there are some very exceptional circumstances the photographs of the deceased are generally admissible to show the nature and extent of the wounds, the location of the body, the crime scene, the identity of the victim and other material issues. [Cits.]" *Moses v. State,* 245 Ga. 180, 187 (263 SE2d 916) (1980). Appellant's second enumeration is without merit.

3. In his remaining enumeration, appellant challenges the validity of his armed robbery sentence. While the state admits that it "finds itself in the rare position of conceding a point . . .," the point conceded is rendered moot by Division 1 of this opinion.

4. The murder conviction is affirmed. The armed robbery conviction is reversed with direction that the twenty-year sentence based thereon be vacated.

*Judgment affirmed in part; reversed in part with direction. All the Justices concur.*

DECIDED NOVEMBER 6, 1981.

*Rosemary P. Thomas, John W. Lawson, Martha L. Teal,* for appellant.

*Johnny L. Caldwell, Jr., District Attorney, Paschal A. English, Jr., J. David Fowler, Assistant District Attorneys, Arthur K. Bolton, Attorney General, Mary Beth Westmoreland, Assistant Attorney General,* for appellee.