## 38752. BOWENS v. THE STATE.

WELTNER, Justice.

Charles Bowens was convicted of murdering Edwin Ray Walker by shooting and killing him with a handgun while in the commission of an attempted armed robbery. A sentence of life imprisonment was imposed.

Bowens' accomplice, John Williams, testified that he drove Bowens and his friend, Willie Miller, to a drive-in package store in

---

Terrell County, Georgia, on the night of July 3, 1980; that he stood outside the package store while Bowens and Miller walked inside; and that he saw Miller shoot the cashier with a .22 caliber pistol. Williams stated that, earlier that day, Bowens and Miller had approached him in Grier's Pool Room and asked him to assist in the robbery; had discussed starting a fire in an abandoned building on Porter Alley to divert the police from the robbery; and that Bowens told him that he had the "stuff" needed for the arson in the trunk of his Oldsmobile.

Bowens wrote the following note to Williams while both were in jail: "John if you ant told Earl nothing about that — dont tell him nothing or say nothing round him about it because he is going to tell Red Harris that while he let him out i think, if nobody say nothing to the cop all we got to do is not talk or tell it We will get out O. K. Flush this down the stoul when you read it OK."

While in jail, Williams told a police officer that Bowens said he had hidden the pistol in an old refrigerator in his backyard. Based on this conversation, the police obtained a search warrant for Bowens' residence and found a .22 caliber pistol under an old stove behind the apartment.

An expert from the State Crime Laboratory determined that the lead projectiles taken from the victim's body and from the store counter were .22 caliber slugs which were "possibly" or "probably" shot from the seized pistol.

A woman who lived on Porter's Alley saw an abandoned house on that street catch fire about 9:30 p.m. on July 3, immediately after an object appearing to be a jug was thrown from a vehicle to the house. A police officer investigating the fire later found a melted plastic bottle at the base of the window of the burned house, and an analyst from the State Crime Laboratory testified that the bottle contained gasoline.

The owner of the package store stated that Bowens made a purchase at the store about 9:30 p.m. on the critical day. At about 10:30 p.m., she opened a door from a back room into the store, saw Miller with a shotgun, locked the door, called the police and heard three shots.

A witness observed Bowens, Miller and Williams talking to each other at Grier's Pool Room the evening of July 3.

Bowens denied knowing anything about the murder, and stated that he left the store after purchasing some liquor there about 9:30 p.m. on July 3. Although he admitted carrying a plastic bottle of gasoline in his car on July 3, he stated that he had purchased the gasoline that morning for his mother's garden tiller.

Miller, who had pleaded guilty to the murder, testified that he

had hidden the gun behind Bowens' apartment "to use Charles Bowens as an alibi," and that Bowens was not involved in the crime.

1. The testimony of the accomplice Williams was corroborated by sufficient independent evidence tending to connect Bowens with the murder, as follows: Bowens' letter, the pistol found behind his apartment, Bowens' conversation with the accomplices in Grier's Pool Room, and the plastic bottle of gasoline in Bowens' car. " 'The sufficiency of the corroborating evidence is peculiarly a matter for the jury to determine. If the verdict is founded on slight evidence of corroboration connecting a defendant with the crime, the verdict is legally sufficient.' [Cits.]" *Berry v. State,* 248 Ga. 430, 432 (283 SE2d 888) (1981).

2. A justice of the peace issued a search warrant for Bowens' residence based on Officer Shields' affidavit and oral testimony. The affidavit stated that an accomplice had heard from Bowens that he had hidden the gun in a refrigerator behind his house. In the hearing on the motion to suppress, the issuing magistrate testified that when the affidavit was presented to him, Officer Shields explained under oath that he had received the information from another officer who had talked to Bowens; and that he took a particular interest in this warrant, further questioning the officer about the date of the crime and all other circumstances of the murder.

Although the affidavit did not include the date that the informer or the officer had obtained the information, the magistrate knew the date of the murder, July 3, which was two days prior to the date of the affidavit, July 5. He thus could make an independent determination that the evidence was " 'so closely related to the time of the issue of the warrant as to justify a finding of probable cause at that time.' " *Fowler v. State,* 121 Ga. App. 22, 24 (172 SE2d 447) (1970), quoting from Sgro v. United States, 287 U. S. 206, 210 (53 SC 138, 77 LE 260) (1932).

The defendant's contention that the magistrate was not informed about the transmission of information is without merit. We do not address the argument that the warrant was overly broad, as this issue was not raised in the trial court.

The remaining enumeration of error is also without merit.
*Judgment affirmed. All the Justices concur.*

DECIDED JULY 8, 1982.

*Brimberry, Kaplan & MacDougald, Dan MacDougald,* for appellant.
*Charles M. Ferguson, District Attorney, Michael J. Bowers,*

*Attorney General, Nicholas G. Dumich, Assistant Attorney General,* for appellee.