## A00A0198. COX v. THE STATE.
(534 SE2d 464)

POPE, Presiding Judge.

Montez Cox asserts that the evidence was insufficient to support his conviction on one count of armed robbery. Because we find there was sufficient evidence to sustain the verdict, we affirm.

> On appeal the evidence must be viewed in the light most favorable to support the verdict, and [Cox] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility.

*Byrd v. State*, 240 Ga. App. 354 (523 SE2d 578) (1999). "As long as there is some competent evidence, even though contradicted, on each element necessary to prove the State's case, the jury's verdict will be upheld." *Trzepacz v. State*, 240 Ga. App. 410, 411 (1) (523 SE2d 599) (1999).

Viewed in that light, the evidence showed that on August 28, 1998, two thin African-American men entered a convenience store in Bainbridge shortly after the store opened at 6:00 a.m. One of the men was wearing a white towel wrapped around his face, no shirt and dark blue jeans. He pointed a shotgun at the store's owner and ordered him to open the safe, while the other man stayed in front of the counter. After the safe was opened, the man with the towel removed $6,000 to $7,000, and both men fled. The store owner could not identify the men who robbed his store and could not state that the gun introduced at trial was the one used in the robbery.

The store owner notified police of the robbery, but after searching the area, the police were unable to locate any suspects. The search did turn up a $20 bill near the store on a dirt path that ran between the convenience store and Hutto-McIvor Homes. The bill lay beside one in a series of footprints in the path. Police tracked the footprints to apartment 6A at Hutto-McIvor Homes. Cox's mother had lived in that apartment until the time of her death three weeks earlier. The apartment was vacant at the time of the robbery, and when police searched it, they located a box containing photographs of Cox.

Sometime between 6:00 and 6:45 on the morning of the robbery, Herman Peterson saw Cox and Dell Washington running out from the dirt path across the road from Hutto-McIvor Homes. They paused for a few minutes to look up and down the road. One of the men was not wearing a shirt, and the other had on a white t-shirt and blue pants. Cox was carrying a gun. He covered the gun with a towel before the men crossed the road and headed toward apartment 6A.

Peterson testified that the gun introduced at trial was similar to the gun he had seen Cox carrying that morning.

At around 7:30 that same morning, Washington asked Jerry Perkins to give Cox and him a ride. Perkins took them to two separate locations, and they paid him $50-60. Perkins testified that when they paid him, he saw that they each had "folded up, knots of money." Washington told Perkins that they got the money when they robbed a store.

Subsequently, the police initiated an undercover operation using Perkins as an informant to recover the gun used in the robbery. As a part of the undercover operation, Perkins also recorded a conversation in which Washington stated that he and Cox had robbed the store. He said that Cox had used a gun during the robbery. Washington confirmed these statements at trial.

"A person commits the offense of armed robbery when, with intent to commit theft, he or she takes property of another from the person or the immediate presence of another by use of an offensive weapon. . . ." OCGA § 16-8-41 (a). Washington's testimony directly implicates Cox in the armed robbery and establishes all of the elements of the crime. But:

> [i]n a felony case, there can be no conviction upon the testimony of an accomplice, unless the same is corroborated by other evidence connecting the accused on trial with the perpetration of the crime, and tending to show his participation therein.

(Citation and punctuation omitted.) *Whitlock v. State*, 239 Ga. App. 763, 764 (1) (521 SE2d 901) (1999). It is up to the jury to decide what constitutes sufficient corroboration:

> The sufficiency of the corroboration evidence is peculiarly a matter for the jury to determine. If the verdict is founded on slight evidence of corroboration connecting a defendant with the crime, the verdict is legally sufficient. . . . The necessary corroboration may consist entirely of circumstantial evidence, and evidence of the defendant's conduct before and after the crime was committed may give rise to an inference that he participated in the crime.

(Citation and punctuation omitted.) *Berry v. State*, 248 Ga. 430, 432 (1) (283 SE2d 888) (1981).

Here, Cox was seen shortly after the crime emerging from a path that led from the store and carrying a gun which he tried to conceal in a towel. Footprints on that path led directly to the apartment where Cox's mother had lived weeks before. Within two hours of the

robbery, Cox paid Perkins with cash he pulled from a large wad of money. We find that this evidence was ample to corroborate Washington's testimony and, thus, the evidence was sufficient to support the jury's verdict. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Smith, P. J., and Miller, J., concur.*

DECIDED MAY 3, 2000.

*Ernie M. Sheffield,* for appellant.

*J. Brown Moseley, District Attorney, Anthony E. Paulsen III, Assistant District Attorney,* for appellee.