### A00A2332. McENTYRE v. THE STATE.
(545 SE2d 391)

POPE, Presiding Judge.

McEntyre claims that the evidence in this case was insufficient to allow the jury to find him guilty of child molestation of his daughter. He argues that the jury could not, as a matter of law, have found that he possessed the requisite criminal intent to satisfy his sexual desires. He urges that the jury was authorized to find only that he was guilty of misdemeanor sexual battery. We disagree.

When assessing the sufficiency of evidence to support a criminal conviction, this Court does not weigh or evaluate the evidence for itself, nor does it resolve conflicts concerning the evidence. Rather, it examines the evidence in its entirety in a light most favorable to the verdict to determine whether any rational trier of fact could have found the accused guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Cox v. State*, 243 Ga. App. 790 (534 SE2d 464) (2000).

The victim, age 14 at the time of trial, told her mother that her father had been touching her "in her private parts, her vagina," from 1992 until about 1996. The victim testified that her father would come into her room when she was asleep and touch her "in my vagina." She would wake up during the touching. She said that this had happened ten times or more. Her father told her that if she told anybody, something bad would happen.

Agent Todd Lowery of the Georgia Bureau of Investigation interviewed McEntyre on two occasions after the allegations arose. McEntyre admitted that he had touched his daughter's vagina. He told Lowery that he had become aroused and that he went out of the room and masturbated. He said that he had done this between one and three times. After McEntyre was arrested, Lowery interviewed him a second time. McEntyre again admitted touching his daughter in the vagina and then concluded the interview by telling Agent Lowery, "I'm guilty."

At trial McEntyre admitted touching his daughter and mastur-

bating several hours later; however, he claimed that he touched her in order to determine if she had been the victim of sexual abuse by another man. And he claimed that he did not have sexual thoughts about having sex with her but only about the fact that she was having sex. He denied that he touched her to satisfy his sexual desires.

A person commits the offense of child molestation "when he or she does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person." OCGA § 16-6-4. Whether McEntyre had the requisite intent was a question of fact for the jury "after considering all the circumstances surrounding the acts of which the accused is charged, including words, conduct, demeanor, and motive." (Citation and punctuation omitted.) *Foster v. State*, 216 Ga. App. 26, 27 (1) (453 SE2d 482) (1994). And, criminal intent may be inferred from conduct before, during and after the commission of the crime. *Williams v. State*, 262 Ga. 677 (1) (424 SE2d 624) (1993).

The number of touches, McEntyre's act of masturbating, his warning to the victim to keep the incident quiet and his own statements support the jury's finding of the requisite intent.

*Judgment affirmed. Miller and Mikell, JJ., concur.*

DECIDED FEBRUARY 7, 2001.

*Joe H. Thalgott*, for appellant.

*Timothy G. Vaughn, District Attorney, Russell P. Spivey, Assistant District Attorney*, for appellee.

