## A02A1977. KIDD v. THE STATE.
### (572 SE2d 80)

ELDRIDGE, Judge.

A Dawson County jury found Homer Lee Kidd guilty of child molestation for acts he committed against his six-year-old granddaughter. He appeals, claiming that the evidence was insufficient to support the verdict; that the trial court erred by refusing to admit into evidence a certified copy of conviction of a third party in order to show another person may have committed the indicted act; and that Kidd received ineffective assistance of counsel. These claims of error are meritless, and we affirm.

1. The evidence, viewed in a light to uphold the verdict, was sufficient to support the jury's verdict under the standard of *Jackson v. Virginia*.[1] Kidd was indicted for the act of touching the victim's vagina. In that regard, the victim testified at trial that her grandfather touched her "down in [her] private part" with his hand while she was undressed; while on the stand, the victim pointed to her "private part" at the request of the prosecutor. "The testimony of a single witness is generally sufficient to establish a fact."[2] In addition, a child psychologist testified as an outcry witness that the victim had told her that Kidd touched her vaginal area with his hand. "The jury determines the credibility of witnesses, so the truthfulness of those witnesses, including that of [the victim], was for the jury to decide."[3] The jury did so, and the evidence supports the verdict.

Under this same enumeration of error, Kidd challenges the evidence demonstrating the necessary criminal intent, i.e., the intent to arouse or satisfy the sexual desires of either the child or the defendant. "But it is well-recognized that whether the requisite intent for child molestation existed was a question of fact, to be determined by the jury after considering all the circumstances surrounding the acts of which the accused is charged, including words, conduct, demeanor, and motive."[4] Here, there was evidence that Kidd touched the victim's vagina multiple times and had inserted objects into her vagina. In addition, a medical expert testified that the victim's vagina had been penetrated and showed evidence of trauma, in corroboration of the victim's testimony. While Kidd points to various conflicts adduced with regard to such evidence, conflicts are for the jury to resolve. We hold the evidence is sufficient to demonstrate the requisite intent under the standard of *Jackson v. Virginia*.[5]

---

[1] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[2] OCGA § 24-4-8.

[3] *Rucker v. State*, 272 Ga. 750, 752 (2) (534 SE2d 71) (2000).

[4] (Citation and punctuation omitted.) *Jowers v. State*, 245 Ga. App. 773 (1) (538 SE2d 853) (2000).

[5] Supra.

2. Kidd took the stand and testified on his own behalf. He stated that, when the victim was approximately 15 months old, a male next-door neighbor babysat for the victim several times. Following such testimony and after Kidd left the stand, the defense attempted to introduce a certified copy of an unrelated child molestation conviction wherein the convicted defendant had the same name as the neighbor who babysat for the victim; citing *Hall v. State*,[6] the defense argued to the trial court, as it does before this Court, that the conviction was "direct evidence of an alternative explanation for the victim's claims of child molestation." The trial court refused to permit the introduction of the conviction, and this ruling is assigned as error on appeal. We find no error.

(a) No foundation was laid for the admission of the conviction. The neighbor was not called to the stand, and the defense attempted to introduce the third-party conviction without asking any witness to identify the document, the factual representations contained therein, or to otherwise establish that such document fell within an exception to the hearsay rule.[7]

(b) Contrary to Kidd's assertions, a third-party conviction for child molestation is not "direct evidence of an alternative explanation for the victim's claims of child molestation"; such evidence does not lessen Kidd's culpability with regard to his granddaughter's assertions against *him*.[8] It does not follow that if, tragically, a child has been abused by multiple offenders, the child's claim of abuse against a specific offender is abrogated by the fact of prior abuse, alone. "It is well established that evidence of a prior unrelated molestation generally is not admissible."[9]

Kidd's reliance on our decision in *Hall v. State*,[10] is completely misplaced. First, *Hall* involved evidence of *actual* abuse by a third party against the child/victim, not, as in this case, speculation of a neighbor's abuse based solely upon the neighbor's criminal history.

Second, in *Hall*, we found that such evidence of actual abuse by a third party was admissible in order to provide an alternative explanation for behaviors that led an expert witness to conclude that the victim suffered from child abuse accommodation syndrome; such evidence was admissible to impeach the notion that the child abuse accommodation syndrome was caused by defendant Hall. In no way does our holding in *Hall* lend support for the proposition espoused by

---

[6] 196 Ga. App. 523, 525 (2) (396 SE2d 271) (1990).

[7] See, e.g., *Brown v. State*, 268 Ga. 76, 77-80 (485 SE2d 486) (1997); *Miller v. State*, 266 Ga. 850, 851-852 (1) (472 SE2d 74) (1996).

[8] See, e.g., *Jones v. State*, 273 Ga. 231, 236 (9) (539 SE2d 154) (2000).

[9] (Citation omitted.) *Williams v. State*, 236 Ga. App. 667 (1) (512 SE2d 363) (1999).

[10] Supra.

Kidd, i.e., that evidence of abuse by a third party is "direct evidence" of an alternative explanation for his granddaughter's claim that Kidd abused her.

3. In this case, Kidd was granted an out-of-time appeal, and appellate counsel was appointed. Now, on appeal, Kidd claims for the first time that he received ineffective assistance of counsel at trial. However, it is well established that

> the grant of an out-of-time appeal constitutes permission to pursue appropriate post-conviction remedies, including a motion for new trial. It follows from that holding and from the requirement that a claim of ineffective assistance of counsel be determined by means of an evidentiary hearing at the earliest practicable moment, that a claim of ineffective assistance of counsel may not be asserted in an out-of-time appeal unless appellate counsel pursues a motion for new trial, subsequent to the grant of the out-of-time appeal, in which the issue is raised and resolved by means of an evidentiary hearing.[11]

As Kidd failed to pursue his claim of ineffective assistance of trial counsel in a motion for new trial and to secure an evidentiary hearing thereon, such claim is waived for purposes of appellate review.[12]

*Judgment affirmed. Smith, P. J., and Ellington, J., concur.*

DECIDED OCTOBER 7, 2002.

*Elizabeth B. Reisman*, for appellant.

*Lydia J. Sartain, District Attorney, Richard A. Vandever, Jason J. Deal, Assistant District Attorneys*, for appellee.

---

[11] (Citations omitted.) *Ponder v. State*, 260 Ga. 840, 841-842 (400 SE2d 922) (1991).
[12] *Ball v. State*, 233 Ga. App. 859 (1) (506 SE2d 149) (1998).