JOHNSON, Presiding Judge.
Terry Lee Harris was charged with having committed the offenses of rape and child molestation upon his stepdaughter. A jury found him guilty of child molestation, but not guilty of rape. He appeals from the conviction, challenging the sufficiency of the evidence and the admission at trial of a videotaped interview of the victim. We affirm.
1. Harris contends the evidence was not sufficient to find him guilty of child molestation. He states, in very general terms, that officials did not investigate the child's allegations thoroughly, and that the child may have been motivated to make false allegations. This enumeration presents no basis for reversal.
When assessing the sufficiency of evidence to support a criminal conviction, this Court does not weigh or evaluate the evidence for itself, nor does it resolve conflicts concerning the evidence.[1] Rather, it examines the evidence in its entirety in a light most favorable to the verdict to determine whether any rational trier of fact could have found the accused guilty beyond a reasonable doubt.[2]
The child, who was in the seventh grade at the time of trial, testified that Harris molested her when she was in the third, fourth and fifth grades. She said that on February 13, 2001, Harris called her into his bedroom and told her they were going to have sex. The child said they were not, and left the room. Harris went into the child's bedroom and wrestled with her until they fell onto the bed. He pulled her clothing off and attempted to insert his penis into her vagina, but was only partially able to do so. The child also testified about other incidents in which Harris had sex with her or inserted his finger into her vagina.
The child did not tell anyone about any of the assaults until after the February 13 incident occurred. On February 14, she told a friend and a teacher that her stepfather had been molesting her. She told a social worker the following day. The police were called, and the child was taken to the hospital for examination. A physician who examined the child testified that there were bruises and tears to the child's vagina. In the physician's opinion, the child's injuries were consistent with partial penetration of the vagina.
The child's teacher testified that the child approached her in school in February 2001 and stated that her stepfather had been molesting her. The teacher did not ask for details but immediately **242 took the child to a supervisor. The teacher did not hear the conversation between the child and the supervisor.
*855 A school social worker testified that she interviewed the child two to three days after the incident. The child told the social worker that Harris pulled out his penis and attempted to insert it into her, and that he had tried to do the same thing when she was in the fourth grade. That time, the child's mother put Harris out of the house, but he returned.
A police officer who interviewed the child at the hospital testified that the child told him that Harris attempted to have sex with her on February 13. The child reported that Harris had asked her for sex earlier in the evening, and she told him "No." The child told the officer that Harris pulled her onto the bed, removed her clothing, held her down, and attempted to insert his penis into her vagina.
A rational trier of fact could have found from the evidence that Harris molested the child.[3]
2. Harris contends that the trial court erred in admitting the videotaped statement the child made to a clinical psychologist at the Georgia Center for Children on February 23, 2001. Harris claims that the statement does not meet the reliability requirements of OCGA § 24-3-16, though he does not indicate how the statement is deficient. The trial court did not err in admitting the statement.
OCGA § 24-3-16 provides, in relevant part, that a statement made by a child under the age of 14 years describing any act of sexual contact or physical abuse performed with or on the child by another in the presence of the child is admissible in evidence by the testimony of the person or persons to whom made if the child is available to testify in the proceedings and the court finds that the circumstances of the statement provide sufficient indicia of reliability.
In determining whether the statement is inherently reliable, the factors which the court may consider include but are not limited to the following: (1) the atmosphere and circumstances under which the statement was made; (2) the spontaneity of the child's statement to the persons present; (3) the child's age; (4) the child's general demeanor; (5) the child's condition (physical or emotional); (6) the presence or absence of threats or promise of benefits; (7) the presence or absence of drugs or alcohol; (8) the child's general credibility; (9) the presence or absence of any coaching by parents or other third parties before or at the time of the child's statement, the type of coaching and circumstances surrounding the same, and the nature of the child's statement and type of language used therein; and (10) the **243 consistency between repeated out-of-court statements by the child.[4] The trial court has broad discretion in determining the admissibility of child hearsay evidence.[5]
In this case, the child was 11 years old when she made the statement. The clinical psychologist who conducted the interview assessed and commented on the child's demeanor and emotional state, and testified that the child's language and vocabulary were generally within normal range, that the child gave sensory and contextual details about the incidents, that the child did not appear to have been coached, and that it was unnecessary to ask the child leading questions because she provided sufficient details on her own.
Moreover, the child's out-of-court statements were detailed and consistent. Harris had the opportunity to cross-examine the child in the presence of the jury regarding her memory of and the circumstances surrounding her making the videotaped statement, and had the opportunity to allow the jury to judge the child's demeanor in response to any examination or cross-examination about the previous statement. He also cross-examined the psychologist extensively regarding the statement. These procedures provided additional safeguards to Harris' right of fair trial, and provided him full opportunity *856 for confrontation.[6] The trial court did not abuse its discretion in admitting the statement under the Child Hearsay Statute.[7]
Judgment affirmed.
MILLER and ELLINGTON, JJ., concur.

McEntyre v. State, 247 Ga.App. 881, 545 S.E.2d 391 (2001).

Id.

See generally Collins v. State, 253 Ga.App. 899, 900(1), 560 S.E.2d 767 (2002).

Kight v. State, 242 Ga.App. 13, 15(1), 528 S.E.2d 542 (2000).

Id. at 15-16(1), 528 S.E.2d 542.

See id. at 16(1), 528 S.E.2d 542.

Id.; see Guzman v. State, 273 Ga.App. 819, 822(2), 616 S.E.2d 142 (2005).