## S16A1546. McCAIN v. THE STATE.
(794 SE2d 58)

THOMPSON, Chief Justice.

Appellant Cleve McCain was convicted of malice murder, possession of a firearm during the commission of a felony and possession of a firearm by a first offender probationer in connection with the shooting death of Whitt "Bobby" Timms.[1] The trial court denied appellant's motion for new trial, and he appeals on sufficiency of the evidence grounds. For the reasons that follow, we affirm.

The evidence presented at trial authorized the jury to find that in 2006 and 2007, the victim and a friend, Ken Waters, were frequent visitors to the home appellant shared with his wife, April McCain, and his cousin, Stephanie Brown, whom the victim was dating. By the spring of 2007, appellant suspected Waters was involved in an intimate relationship with April and he openly opposed Brown's relationship with the victim, who had accumulated several thousand dollars in unauthorized charges on Brown's credit cards. After assuring Brown he would keep an eye on the victim as long as she continued to see him, appellant borrowed a .38 pistol from his uncle, Kenneth Folsom. Appellant's relationship with the victim and Waters continued to deteriorate, with appellant making multiple threats and gestures toward both men, including an angry threat to cut off the victim's head if he did not stop calling Brown, several overt references to appellant's ability to kill the men, and an altercation that occurred days before the crimes in which appellant, who was a first offender probationer, became enraged and beat the victim after he learned someone told his mother-in-law about the gun in his possession.

The evening before the crimes, appellant and the victim stayed at Folsom's house. The three men left the house sometime after midnight and drove into the woods where they built a fire and drank beer. Appellant was armed with Folsom's .38, and Folsom was armed with a .22. As Folsom and the victim talked, appellant stepped around the

---

[1] The crimes occurred on June 19, 2007. On May 29, 2009, a Haralson County grand jury indicted appellant on charges of malice murder, felony murder predicated on aggravated assault, felony murder predicated on possession of a firearm by a first offender probationer, aggravated assault, possession of a firearm during the commission of a felony, and possession of a firearm by a first offender probationer. Appellant was tried before a jury March 1-5, 2010, and found guilty of all charges. He was sentenced to life in prison for malice murder, a consecutive five-year term of imprisonment for possession of a firearm during the commission of a felony, and a concurrent five-year term of imprisonment for possession of a firearm by a first offender probationer. The remaining convictions either merged or were vacated by operation of law. See *Malcolm v. State*, 263 Ga. 369, 372 -373 (434 SE2d 479) (1993). Appellant's motion for new trial was filed on March 25, 2010, amended by new counsel on March 29, 2013, and denied on February 19, 2014. His notice of appeal was filed on February 27, 2014. The case was docketed in this Court for the September 2016 term and submitted for decision on the briefs.

truck, told the victim to sit down, and fatally shot him in the head. Appellant and Folsom then placed the victim's body in the truck bed and drove to an uncovered well, where they dumped the victim's body. The men returned to Folsom's house where they washed the blood off the truck and washed their clothes. Appellant also cleaned the .38 and filed out the inside of its barrel. Folsom later pawned the .38, and on the same day, appellant and Folsom returned to the well to cover the victim's body with trash and wood.

The victim's body was discovered by police in the abandoned well, along with clothes, trash, and a two by four piece of wood. The victim had been shot five times in the head, neck, and buttocks. Experts were unable to match projectiles recovered by investigators at the crime scene with Folsom's .38 because the gun's barrel had been filed but matched the .38 with a casing found at the crime scene. Investigators also discovered Folsom's .22 on the ground near the well and found blood on the rim of the tire well and the passenger seat of Folsom's truck.

Appellant contends the evidence was insufficient under former OCGA § 24-4-8[2] to convict him of the charged crimes because Folsom's accomplice testimony was the only testimony identifying appellant as a participant in the crimes. This claim, however, is not supported by the record. Although OCGA § 24-4-8 sets out the rule that corroboration is required to support a guilty verdict where the only witness is an accomplice, it is well established that slight evidence of corroboration is all that is needed. See *Bradford v. State*, 261 Ga. 833, 834 (1) (412 SE2d 534) (1992). "[T]he necessary corroboration may consist entirely of circumstantial evidence, and evidence of the defendant's conduct before and after the crime was committed may give rise to an inference that he participated in the crime." (Citations omitted.) *Berry v. State*, 248 Ga. 430, 432 (1) (283 SE2d 888) (1981).

Here, appellant's own statements about his possession of the gun and his whereabouts and activities on the morning of the crimes, physical evidence collected by investigators, and testimony of other witnesses corroborated Folsom's testimony and connected appellant to the charged crimes. This evidence established that appellant was in possession of the murder weapon in the days preceding the crimes, that he placed calls from the vicinity of the crime scene in the early morning hours on the day of the crimes, that he was with the victim

---

[2] This provision was carried forward in the new Evidence Code as OCGA § 24-14-8, and we have given the new provision the same meaning as the old one. See *Bradshaw v. State*, 296 Ga. 650, 654 (769 SE2d 892) (2015).

the night before and the morning of the crimes, and that he washed his clothes at Folsom's house on the morning of the crimes, something he never before had done. There was also witness testimony identifying appellant as one of two men seen standing at the well holding a piece of wood days after the crime, which corroborated Folsom's testimony that he and appellant returned to the well and threw trash and wood down the well to cover the victim's body. This evidence, which was related to appellant's conduct before, during, and after the crimes and connected appellant to the crimes charged, was sufficient to corroborate Folsom's testimony. See *Crawford v. State*, 294 Ga. 898, 901-902 (1) (757 SE2d 102) (2014) (cell phone records showing accomplice went to defendant's home on the morning of the crimes, and after the crimes, traveled back to defendant's home, was sufficient to corroborate accomplice testimony); *Simpson v. State*, 278 Ga. 336, 337 (1) (602 SE2d 617) (2004) (phone records and bullets sufficient to corroborate accomplice's testimony). The sufficiency of the corroboration was a matter for the jury to determine. See *Berry*, 248 Ga. at 432 (1).

There being no violation of former OCGA § 24-4-8, we conclude that the evidence was sufficient to enable a rational trier of fact to find appellant guilty beyond a reasonable doubt of the crimes for which he was convicted. See *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).[3]

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 21, 2016 —
RECONSIDERATION DENIED DECEMBER 8, 2016.

*Margaret E. Heinen; Thomas D. Wight*, for appellant.

*Charles A. Spahos, District Attorney pro tempore, Gary D. Bergman, Lalaine Briones, Assistant District Attorneys pro tempore; Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Elizabeth M. Haase, Assistant Attorney General*, for appellee.

---

[3] And just like that, it is over.