## A05A1642. DAVENPORT v. THE STATE.
(627 SE2d 133)

PHIPPS, Judge.

William Davenport was convicted of one count each of aggravated sexual battery and child molestation and was sentenced separately for each count. Davenport claims that the trial court erred by admitting his confession and by failing to merge the two counts for sentencing purposes. He also claims that his trial counsel was ineffective in several respects. For reasons that follow, we affirm the judgment, vacate the sentence and remand the case to the trial court.

On August 19, 2001, Davenport gave a statement to Roxie Thompson, an investigator with the Dade County Sheriff's Department. After advising him of his *Miranda*[1] rights, Thompson questioned Davenport about allegations made by his niece, A. C., that he had touched her inappropriately on a camping trip in the summer of 1999. Davenport stated that he went into the tent where A. C. was sleeping and began rubbing her leg and then reached inside her panties and touched her vagina. He also stated that he put his finger inside her vagina. Davenport stated that he had touched A. C. similarly one other time.[2]

The trial court conducted a pre-trial hearing regarding the admissibility of Davenport's statement to Thompson. According to Thompson, Davenport appeared to understand his *Miranda* rights, was able to respond to her questions in a rational manner and did not appear to be under the influence of alcohol or drugs. Thompson testified that she did not threaten or coerce Davenport in any way; nor did she promise him any benefit or reward to get him to provide a statement. The statement was audiotaped and a transcript of the tape was admitted into evidence at the hearing.

Davenport testified that at the time he gave the statement to Thompson, he was upset because his wife had left him and taken their

---

[1] *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).

[2] The other incident took place at Davenport's home in Tennessee.

children with her. He claims that he gave the statement based on promises he gleaned from an August 17, 2001 letter he received from A. C.'s mother. In the letter, A. C.'s mother wrote that she had been waiting for him to confess since A. C. had told her what Davenport had done to her on the camping trip. She stated, "[i]f you confess right away, come clean, we will ask the Judge for some amount of mercy. You are the father of my sister's children and we want you to be reconciled to God and to your family." The letter ended with "[t]his is the last letter you will receive from me. After this, everything will be done to the letter of the law."

Davenport testified that he interpreted those portions of the letter to mean that if he made certain statements to the police, A. C.'s mother would have the charges against him dropped and he could get his family back. He said that he asked his wife what A. C.'s mother wanted him to say and that she provided him with details of A. C.'s allegations. Davenport admitted that he never told Thompson anything about the letter from A. C.'s mother or about his motivation for giving the statement. He said that Thompson never threatened him or forced him to make the statement and that it was his choice to make the statement, based on his belief that any charges would be dropped if he did so.

Robert Brown, Jr., a psychologist, testified that he had recently interviewed Davenport and conducted a battery of psychological tests on him. Brown found no evidence of mental illness, but determined that under certain circumstances, Davenport would be more vulnerable to some forms of coercion than the average individual. Brown testified that there was a risk that Davenport might capitulate if family members tried to coerce him to do certain things.

The trial court concluded that Davenport's statement to Thompson was not induced by any coercion, duress or threats or any promises of leniency or reward or the slightest hope of benefit or remotest fear of injury and therefore should be submitted to the jury for consideration, under appropriate instructions.

The court also admitted a statement that Davenport had made to his parole officer in Tennessee in which he admitted that he had rubbed A. C.'s "private area." Davenport does not challenge the admission of that statement.

1. Pursuant to OCGA § 24-3-50, "[t]o make a confession admissible, it must have been made voluntarily, without being induced by another by the slightest hope of benefit or remotest fear of injury." Davenport claims that his confession should not have been admitted because the August 17 letter was an improper hope of benefit within the meaning of the statute.

The state bears the burden of showing the voluntariness of a statement by a preponderance of the evidence.[3] Factual and credibility determinations made by a trial judge after a voluntariness hearing must be accepted by appellate courts unless such determinations are clearly erroneous.[4]

In *Griffin v. State*,[5] this court held that OCGA § 24-3-50 is not limited to confessions made to state actors.[6] The voluntariness standard set forth in OCGA § 24-3-50 is also applicable when a confession is induced by someone other than a state actor.[7]

In *Wiley v. State*,[8] the defendant sought to suppress a statement made to a victim's parents because he claimed it was induced by a hope of benefit — specifically, the victim's parents' representation that they would not involve the police. The victim's father told the defendant "if you talk to us now, maybe we can work this out, if you tell us the truth now."[9] As in this case, the trial court in *Wiley* conducted a hearing in light of OCGA § 24-3-50 and concluded that the defendant's statements were voluntary and admissible. This court upheld the trial court's conclusion that the statement was not rendered involuntary by the hope of benefit.[10]

Here, Davenport claims that the language in the August 17 letter led him to believe that if he went to the police immediately and told them that A. C.'s allegations were true, A. C.'s mother would not press charges against him. Davenport's claim, however, is contradicted by the text of the letter. Had A. C.'s mother intended to drop the charges against Davenport if he confessed, there would be no need to seek mercy from the court. The trial court's determination that Davenport's statement to Thompson should be submitted to the jury for consideration, under appropriate instructions, was not clearly erroneous.[11]

2. Davenport claims, and the state concedes, that the trial court should have merged, for sentencing purposes, his convictions for aggravated sexual battery (Count 1) and child molestation (Count 2). We agree.

---

[3] *Tucker v. State*, 231 Ga. App. 210, 212 (1) (498 SE2d 774) (1998).

[4] Id.

[5] 230 Ga. App. 318, 320 (496 SE2d 480) (1998).

[6] See also *Cook v. State*, 270 Ga. 820, 828 (2) (514 SE2d 657) (1999) (citing *Griffin*, supra, for rule that when confession is made to a witness who is not a state agent, it must still be voluntary under OCGA § 24-3-50).

[7] See *Wiley v. State*, 245 Ga. App. 580, 582 (3) (538 SE2d 483) (2000).

[8] Id.

[9] Id. at 581 (2).

[10] Id. at 583 (3).

[11] See id.

Offenses merge as a matter of fact under OCGA § 16-1-6 (1) if one of them is established by proof of the same or less than all of the facts used to prove the other.[12] Count 1 charged Davenport with penetrating A. C.'s sexual organ with a foreign object and Count 2 charged him with "touching the primary genital area of [A. C.] with his hand." The evidence showed that the foreign object referenced in Count 1 was Davenport's finger. The only evidence that he touched A. C.'s genital area was in connection with his penetration of her vagina with his finger. Under these circumstances, the offenses merged as a matter of fact.[13] Accordingly, the sentence is vacated and the case is remanded for resentencing.[14]

3. Davenport claims that his trial counsel was ineffective. He raises this claim for the first time on appeal and seeks to have the case remanded to the trial court to conduct an evidentiary hearing.

An ineffective assistance of counsel claim must be raised at the earliest practicable moment.[15] Davenport's trial counsel filed his notice of appeal to this court and his current appellate counsel had no prior opportunity to raise an ineffective assistance of counsel claim. Because no evidentiary hearing has been held on the claim and the record is insufficient to allow us to consider it, we remand the case to the trial court for a hearing on Davenport's ineffective assistance claim.[16] If the trial court determines that Davenport did not receive effective assistance, a new trial is required. If the court finds that Davenport did receive effective assistance, he shall have 30 days to appeal that ruling.[17]

*Judgment affirmed. Sentence vacated and case remanded with direction. Andrews, P. J., and Mikell, J., concur.*

DECIDED FEBRUARY 6, 2006 —
RECONSIDERATION DENIED FEBRUARY 28, 2006.

William Davenport, *pro se.*
*Herbert E. Franklin, Jr., District Attorney, Christopher A. Arnt, Assistant District Attorney,* for appellee.

---

[12] *Seidenfaden v. State,* 249 Ga. App. 314, 319 (4) (547 SE2d 578) (2001).
[13] See *Shamsuddeen v. State,* 255 Ga. App. 326, 328 (2) (565 SE2d 544) (2002).
[14] See id.
[15] *Emilio v. State,* 257 Ga. App. 49, 53 (4) (570 SE2d 372) (2002).
[16] See id.
[17] See id.