A10A0674, A10A0675. DICKERSON v. THE STATE (two cases).
(697 SE2d 874)

BARNES, Presiding Judge.
In Case Nos. A10A0674 and A10A0675, Bradley Dickerson appeals his convictions for three counts of child molestation, three

counts of aggravated sexual battery, and sexual exploitation of a minor.[1] He contends that the trial court erred in joining his two separate indictments for trial; the evidence was insufficient to support the sexual exploitation of a minor conviction; and the trial court erred in failing to merge his convictions for sexual battery and child molestation for sentencing. Following our review, we affirm Dickerson's convictions, but remand for resentencing.

"On appeal from his criminal convictions, [Dickerson] no longer enjoys the presumption of innocence, and we view the evidence in the light most favorable to the jury's verdict." (Footnote omitted.) *Chancey v. State*, 258 Ga. App. 716 (574 SE2d 904) (2002). Viewed in this light, the evidence shows that on or about September 30, 2006, Dickerson's then nine-year-old daughter told her mother that Dickerson had entered her room at night and inappropriately touched her. The mother confronted Dickerson about the allegations, and he told her that "he had some vague memories, recollections, . . . but he couldn't tell whether or not they were dreams or — or reality." The child was interviewed shortly thereafter at the Anna Crawford Children's Center on October 6, 2006, and repeated the allegations against her father. A few days later, detectives with the Cherokee County Sheriff's Department interviewed Dickerson, and he was subsequently arrested and charged with child molestation.

In January 2007, Dickerson's wife contacted a detective with the sheriff's department and told them that she found a box containing child pornography in the workshop in the basement of their home. Police executed a search warrant at the home on January 11, 2007, and at that time Dickerson's wife gave the detective a backpack containing Dickerson's laptop. Police also seized several compact discs from the Dickerson home. A forensic technician with the sheriff's department recovered hundreds of images of young children involved in sexual activities from the computer and the CDs.

Dickerson was indicted on March 11, 2008, in case no. 08CR0250 for three counts of aggravated child molestation and three counts of aggravated sexual battery.[2] He was also indicted in case no. 07CR0912 for two counts of sexual exploitation of children.

The two indictments were joined for trial, and following a jury trial, Dickerson was found guilty of three counts of child molestation

---

[1] Although Dickerson refers to both underlying superior court cases in his motion for new trial and subsequent notice of appeal, the order denying the motion for new trial refers only to 09CR0250. A second order denying the motion for new trial in 07CR0912 was later entered, and Dickerson filed a timely amended notice of appeal from that order. As a result, the two cases were docketed as separate appeals in this Court, although the issues are identical in both.

[2] Dickerson was originally indicted in case no. 07CR0162 for aggravated sodomy, aggravated child molestation, and cruelty to children.

as a lesser included offense of aggravated child molestation, and three counts of aggravated sexual battery in indictment no. 08CR0250. In indictment no. 07CR0912, he was convicted of one count of sexual exploitation of a minor for possessing digital photographs. He appeals from those convictions.

1. Dickerson first argues that the trial court abused its discretion in joining the two indictments for trial. He maintains that the trial court erroneously joined the offenses solely due to the similar nature of the conduct in the two indictments. We do not agree.

Indictment no. 08CR0250 charged Dickerson with three counts of aggravated child molestation and three counts of aggravated sexual battery. In indictment no. 07CR0912, he was charged with two counts of sexual exploitation of children. One count alleged that he had in his possession and "under his control" digital images and computer files "depicting a minor and a portion of a minor's body engaged in sexually explicit conduct," and the second count alleged that Dickerson possessed printed materials of a minor engaged in sexually explicit conduct. See OCGA § 16-12-100 (b) (8).[3]

> A defendant has an absolute right to severance of charges that are joined solely because they are of the same or similar character. . . . [S]everance is not mandatory when offenses have been joined because evidence of one offense could be admitted upon the trial of another offense to show a common motive, plan, scheme, or bent of mind. In the latter circumstance, the decision whether to sever falls within the discretion of the trial court, which should grant a pre-trial severance if it is appropriate to promote a fair determination of the defendant's guilt or innocence of each offense considering whether in view of the number of offenses charged and the complexity of the evidence to be offered, the trier of fact will be able to distinguish the evidence and apply the law intelligently as to each offense.

(Punctuation omitted.) *Green v. State*, 279 Ga. 455, 456-457 (2) (614 SE2d 751) (2005).

At the hearing on Dickerson's motion to sever, which was held in conjunction with the State's motion to use the allegations in case no. 07CR0912 as similar transaction evidence, the trial court noted that a determination that the indictment was admissible for purposes of similar transaction evidence would be relevant in deciding whether

---

[3] "It is unlawful for any person knowingly to possess or control any material which depicts a minor or a portion of a minor's body engaged in any sexually explicit conduct." Id.

to join the two cases. The State thereafter proffered evidence of the circumstances surrounding the allegations, including the acts that Dickerson was alleged to have committed against his daughter, and that some of the photographic images depicted the same acts. It further denominated similarities between the crimes to show a common motive, plan, scheme, or bent of mind pattern.

In this circumstance, we do not find that severance was mandatory. Furthermore, Dickerson has failed to show either that severance was absolutely necessary to promote a just determination of guilt or innocence as to each offense or that the jury was unable to intelligently judge each offense due to the failure to sever. Our law mandates that in determining whether severance is necessary, the court should consider "the complexity of the evidence to be offered" and whether "the trier of fact will be able to distinguish the evidence" in its application of the law as to each offense. *Dingler v. State*, 233 Ga. 462, 463-464 (211 SE2d 752) (1975).

Here, the evidence was not complex and there is no indication that the jury was unable to distinguish the evidence and apply the law intelligently as to each offense.

Accordingly, we conclude that Dickerson was not entitled to severance as a matter of right. See *Stewart v. State*, 277 Ga. 138, 140 (587 SE2d 602) (2003) ("severance is not mandatory when evidence of one offense is admissible upon the trial of another offense") (citations and emphasis omitted). "The [trial] court is vested with discretion in this matter, and in the exercise of that discretion it must balance the interest of the defendant with the interest of the State." (Citations omitted.) Id. at 139. Thus, as this case was not so complex as to impair the jury's ability to distinguish the evidence and apply the law intelligently to the counts as joined, the trial court did not abuse its discretion in denying Dickerson's motion to sever.

2. Dickerson also contends that the evidence was insufficient to sustain his conviction for knowingly possessing or being in actual physical control of digital photographs of child pornography.

As noted above, on appeal from a criminal conviction, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility, and the evidence is viewed in the light most favorable to support the verdict, with the defendant no longer benefitting from a presumption of innocence. *Eady v. State*, 256 Ga. App. 696 (569 SE2d 603) (2002).

Under Georgia law,

[a] person who knowingly has direct physical control over a thing at a given time is in actual possession of it. A person who, though not in actual possession, knowingly has both the power and the intention at a given time to exercise

> dominion or control over a thing is then in constructive possession of it.

(Punctuation and footnote omitted.) *Meridy v. State*, 265 Ga. App. 440, 441 (1) (594 SE2d 378) (2004). Here, Dickerson's wife testified that when she was moving, she found a box containing child pornography in the basement of the couple's house, and called police. The police recovered other items containing pornographic images of children, including the CD which formed the basis of the sexual exploitation count. The technician who reviewed the CD and computer testified that he could not determine whether the images found on the computer's hard drive had been saved to the computer or just viewed, but that "with CD's, it means that somebody deliberately copied those images to that CD." Police recovered Dickerson's thumb print from the CD containing child pornography. Compare *Barton v. State*, 286 Ga. App. 49 (648 SE2d 660) (2007) (State offered no testimony indicating that Barton was aware that the computer was storing pornographic images, but instead established only that these files were stored automatically, without Barton having to do anything).

We conclude that the evidence was sufficient to sustain Dickerson's conviction for knowing possession of child pornography under OCGA § 16-12-100 (b) (8).

3. The State concedes on appeal that based on the averments in the indictments, the aggravated sexual battery conviction and child molestation conviction merged as a matter of fact for purposes of sentencing. Dickerson was found guilty of three counts of child molestation as the lesser included offense of aggravated child molestation and three counts of aggravated sexual battery. The trial court merged Counts 1 and 3 of child molestation into Count 5 of child molestation, and also merged Counts 2 and 4, aggravated battery, into Count 6 of aggravated sexual battery. At the sentencing hearing, the trial court determined that one of the child molestation counts survived because "there [were] findings of child molestation . . . less than and different from that which is alleged in Count Number Six." Dickerson was sentenced to life for Count 6, aggravated sexual battery, and to an additional five years concurrent to the life sentence for Count 5, child molestation.

The State, however, acknowledges that Counts 5 and 6, the remaining child molestation and aggravated sexual battery counts, as indicted, do not allege specific averments separate and distinct from any other counts in the indictment. Here, the touching of the child's genital area for purposes of the child molestation conviction was in connection with the penetration required for the aggravated sexual battery conviction, so Counts 5 and 6 should have been

merged for sentencing. See *Davenport v. State*, 277 Ga. App. 758, 761 (2) (627 SE2d 133) (2006) (conviction for aggravated sexual battery, based on the defendant penetrating the victim's vagina with his finger, merged as a matter of fact with conviction for child molestation, based on the defendant touching the victim's genital area with his hand).

Accordingly, the separate sentences under Counts 5 and 6 are vacated, and the case is remanded for resentencing.

*Judgment affirmed in part and vacated in part, and case remanded for resentencing. Bernes, J., and Senior Appellate Judge G. Alan Blackburn concur.*

DECIDED JULY 1, 2010.

*Gregory A. Hicks*, for appellant.

*Garry T. Moss, District Attorney, J. Clifford Head, Wallace W. Rogers, Jr., Assistant District Attorneys*, for appellee.

