**THIRD DIVISION**
**DOYLE, P. J.,**
**MARKLE and PADGETT, JJ.**

**NOTICE: Motions for reconsideration must be physically received in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**October 10, 2025**

# In the Court of Appeals of Georgia

A25A0792. LEOPARD v. THE STATE.

DOYLE, Presiding Judge.

Following a jury trial, Jarrett Brandon Leopard was found guilty of 20 counts of sexual exploitation of children by possessing child pornography.[1] He now appeals from the denial of his motion for new trial, contending that (1) the trial court erred by denying his motion to suppress evidence obtained during a search of his cell phone during the execution of a search warrant at his residence, and (2) the evidence was insufficient to prove (a) venue, and (b) that he knowingly possessed images of child pornography found on his cell phone. Finding no error, we affirm.

---

[1] See OCGA § 16-12-100 (b) (8). The 20 counts were merged into one count for purposes of sentencing.

Construed in favor of the verdict,[2] the evidence shows that in March 2018, as part of routine content moderation, a web-based photo-sharing company sent a log of uploads it had flagged as suspected child pornography to the National Center for Missing and Exploited Children. The log included the images of concern, the IP address associated with the uploads, the internet service provider ("ISP"), and the date and time of the uploads. The information was transmitted to the Georgia Bureau of Investigation ("GBI"), which subpoenaed the ISP and obtained the name of the account holder and the physical address associated with the IP address.

The account was registered to Leopard's wife, and the physical address was their shared home in Henry County. Police obtained a warrant to search at that address for cell phones, computers, and other items that might store electronic images.

In August 2018, at approximately 7:30 a.m., police went to the residence to execute the search warrant. Leopard's wife was home with their two school-aged children, who were preparing to go to school; Leopard had already left for work. Leopard's wife identified the electronic devices in the home, including her and the

---

[2] See *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

children's cell phones as well as a computer in the house, and police did a preliminary scan of those devices, finding nothing of concern.

As police were searching the house and devices, Leopard's wife called him and asked him to return home. Leopard arrived approximately 45 minutes later while police were still at the house. Leopard gave his phone to a detective who gave it to a GBI forensic investigator on the scene, and she did a "preview" of the phone at the house. The preview identified suspected child pornography, including one image that appeared to be one of the original images uploaded to and flagged by the photo-sharing website. A total of 169 images of concern were found on Leopard's cell phone. Police took custody of Leopard's phone and invited him to be interviewed at the police station, and he accompanied them in his own vehicle. Leopard speculated to police that one of his sons could have used his phone.

Following a more thorough forensic evaluation of his phone, Leopard was indicted for committing 20 counts of sexual exploitation of children based on possessing 20 images of child pornography.[3] He moved to suppress the images, which motion was denied, and a jury found him guilty on each count. The trial court merged

[3] There had been an earlier indictment on 24 images, but ultimately, Leopard was prosecuted and convicted on a 20-count re-indictment.

Counts 2 through 19 into Count 1 and sentenced Leopard to serve 20 years in prison. Leopard now appeals.

1. Leopard first contends that the trial court erred by denying his motion to suppress the search of his cell phone. Specifically, he argues that (a) police improperly recruited his wife to summon him back to their residence, such that she was acting as a state agent directing him to come home, despite lacking authority to do so; and (b) the search of his cell phone was illegal because it was performed after the search of his home was completed pursuant to the warrant. Neither argument is availing.

(a) *Leopard's wife was not an agent of the State*. Leopard argues that during the execution of the warrant, police directed his wife to call him and tell him to come home, thereby acting as their agent and requiring his presence without an arrest warrant or other authority to do so. Based on the record before us, we disagree.

"Reviewing the grant or denial of a motion to suppress requires this Court to construe the evidentiary record in the light most favorable to the trial court's factual findings and judgment. The trial court's factual and credibility findings must be

accepted unless they are clearly erroneous."[4] We review the trial court's legal conclusions de novo.[5]

Leopard relies on the following principle:

[T]he State cannot avoid a Fourth Amendment challenge to a search and seizure by asking a private citizen to act on its behalf and seek out evidence. The test is whether the private individual, in light of all the circumstances of the case, must be regarded as having acted as an instrument or agent of the government when he [procured] the evidence.[6]

Based on this, he argues that police improperly employed his wife to order him to return home.

Here, it is undisputed that neither Leopard nor his phone were present when police arrived to execute the search warrant at his house, so police would not be able to search his phone at that time. What is disputed is whether police actually directed his wife to instruct him to come home such that she and Leopard were under the

---

[4] (Citations and punctuation omitted.) *Hayes v. State*, 320 Ga. 505, 513 (2) (910 SE2d 198) (2024).

[5] See *Gates v. State*, 317 Ga. 889 (1) (896 SE2d 536) (2023).

[6] (Citations and punctuation omitted.) *Johnson v. State*, 367 Ga. App. 344, 350-351 (2) (a) (i) (886 SE2d 5) (2023).

impression that he was required to return home for his phone to be searched. The suppression hearing transcript contains testimony by Leopard's wife and the detective who spoke to her on the scene. Although Leopard's wife testified that the detective said to her "you need to tell him he needs to come home," the detective disputed her account. He explained:

> I would never tell anybody what to do. . . . I would express certainly that I would like to talk with them . . . but I don't direct people to do anything. I don't have the authority to tell people what to do in those kinds of circumstances. I can't order. . . that somebody return to the house . . . . I don't direct people to do things or try to manipulate them in that way to be under the impression that they are compelled to do something that they are not."

Thus, contrary to the assertion otherwise by Leopard's wife, the detective testified that he did not direct her to call Leopard or tell Leopard that he must return home.

"Motions to suppress, by their nature, often turn on difficult questions of credibility and specific findings of fact."[7] At the suppression hearing, the trial court explicitly noted the conflict in the testimony but found the detective to be credible: "All I can say is perhaps there was a misunderstanding. But I believe what [the

---

[7] *Miller v. State*, 288 Ga. 286, 290 (2) (702 SE2d 888) (2010).

detective is] telling me." Likewise, in the suppression order, despite the conflicting testimony, the trial court explicitly found that Leopard's wife "was not acting as an agent" of the police. Because these findings are supported by the detective's testimony and not clearly erroneous, we must accept them.[8] Therefore, the trial court was authorized to find that Leopard's wife was not acting as an agent on behalf of the police and ordering him to return home.

(b) *The search of Leopard's phone occurred as part of the search pursuant to the warrant.* Leopard also argues that the search of his residence had concluded before he arrived, so any search of his phone was outside the scope of the warrant and unauthorized. This argument is unavailing.

The warrant authorized a search of Leopard's home, listing him by name as a resident, for any electronic storage devices including computers and cell phones "on the . . . described person(s) or property." The warrant authorized police to "search for, seize, and forensically analyze the relevant data" evincing possession of child

---

[8] See id. at 286 (1) ("[W]hen a motion to suppress is heard by the trial judge, that judge sits as the trier of facts. The trial judge hears the evidence, and his findings based upon conflicting evidence are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support it."), quoting *Tate v. State*, 264 Ga. 53, 54 (1) (440 SE2d 646) (1994).

7

pornography.[9] As found by the trial court, Leopard returned home, "volunteered himself," and a detective obtained his cell phone. Leopard argues that the seizure and search of his cell phone were outside the scope of the warrant because, according to him, they occurred after the search pursuant to the warrant was complete.

This argument is belied by the evidence from the suppression hearing.[10] The testimony shows that Leopard arrived approximately 45 minutes after his wife called him, and there were multiple officers still on the scene, including the detective and the forensic investigator, who was still inside the house and not fully packed up. The detective testified that their search was not completed, and according to Leopard's wife, forensic scanning of the devices found in the home took approximately an hour. Leopard does not argue that police loitered at his property for hours or days after completing the search of his residence. Given the record before us, and in light of the reasonableness of time frames at issue, the trial court did not err by finding that the

---

[9] Leopard does not challenge the particularity of the warrant's description of the items to be seized.

[10] See *Miller*, 288 Ga. at 286 (1) (appellate courts must view the evidence at a suppression hearing in the light most favorable to the trial court's judgment).

search of Leopard's cell phone occurred during the course of the execution of the warrant.[11]

2. Leopard next contends that the evidence was insufficient to prove (a) venue, and (b) that he knowingly possessed the images. We disagree.

> When evaluating a challenge to the sufficiency of the evidence, we view all of the evidence admitted at trial in the light most favorable to the [verdict] and ask whether any rational trier of fact could have found the defendant guilty beyond a reasonable doubt of the crimes of which he was convicted. This evaluation essentially addresses whether the government's case was so lacking that it should not have even been submitted to the jury. Our limited review leaves to the jury the resolution of conflicts in the evidence, the weight of the evidence, the credibility of witnesses, and reasonable inferences to be made from basic facts to ultimate facts.[12]

---

[11] See generally *Smithson v. State*, 275 Ga. App. 591, 598 (4) (621 SE2d 783) (2005) ("[T]he fact that an officer is interested in an item of evidence and fully expects to find it in the course of a search should not invalidate its seizure if the search is confined in area and duration by the terms of a warrant.") (punctuation omitted), quoting *Horton v. California*, 496 U. S. 128, 138 (III) (110 SCt 2301, 110 LE2d 112) (1990) (discussing the unrelated plain-view doctrine).

[12] (Citations and punctuation omitted.) *McGruder v. State*, 303 Ga. 588, 590 (II) (814 SE2d 293) (2018).

(a) *Venue was proved*. Leopard correctly argues that the State had the burden to prove that he knowingly possessed child pornography in Henry County.[13] "Whether the [S]tate met its burden as to venue is a matter resting soundly within the purview of the jury, and ambiguities in the trial evidence must be resolved by the trial jury, not appellate courts."[14]

Here, there was evidence that child pornography was uploaded from an IP address that was identified by Leopard's ISP as being located at his residence in Henry County. Further, there was evidence, based on the forensic examination of Leopard's phone and the logs from the photo-sharing website, that at least one image of child pornography was found on Leopard's phone matching an image that had been uploaded to the photo-sharing website. Based on this evidence and the fact that Leopard possessed his phone with this image on it at his residence in Henry County, the jury was authorized to find that venue was proved.

(b) Leopard also contends that the evidence was insufficient to show that he knowingly violated OCGA § 16-12-100 (b) (8), which provides: "It is unlawful for any

---

[13] See *Shields v. State*, 368 Ga. App. 586, 590 (2) (890 SE2d 505) (2023).

[14] (Punctuation omitted.) *Boyd v. State*, 351 Ga. App. 469, 471 (2) (829 SE2d 163) (2019).

10

person knowingly to possess or control a material which depicts a minor or a portion of a minor's body engaged in any sexually explicit conduct." Leopard argues that the State failed to prove that he knowingly possessed the images found on his phone because someone else could have used his phone (which was not password protected), there was no evidence that he possessed his phone when the images were uploaded to the photo-sharing website, and they could have been on his phone without his knowledge.

"Under Georgia law, a person who knowingly has direct physical control over a thing at a given time is in actual possession of it. A person who, though not in actual possession, knowingly has both the power and the intention at a given time to exercise dominion or control over a thing is then in constructive possession of it."[15] "Knowledge and possession may be proved, like any other fact, by circumstantial evidence. . . ."[16]

> To support a conviction based on circumstantial evidence, the evidence
> shall not only be consistent with the hypothesis of guilt, but shall exclude

---

[15] (Punctuation omitted.) *Nix v. State*, 354 Ga. App. 47, 50 (1) (839 SE2d 687) (2020).

[16] *Gerbert v. State*, 339 Ga. App. 164, 168 (2) (b) (i) (793 SE2d 131) (2016).

every other reasonable hypothesis save that of the guilt of the accused. Not every hypothesis is reasonable, and the evidence does not have to exclude every conceivable inference or hypothesis; it need rule out only those that are reasonable. The reasonableness of an alternative raised by a defendant is a question principally for the jury, and when the jury is authorized to find that the evidence, though circumstantial, is sufficient to exclude every reasonable hypothesis save that of the accused's guilt, this Court will not disturb that finding unless it is insupportable as a matter of law.[17]

As noted above, there was evidence that Leopard possessed his phone on the day it was seized by police and that the phone contained images of child pornography at that time. Further, there was evidence that at least one of the images of child pornography on his phone at that time had been uploaded to the photo-sharing site. Addionally, there was evidence that the images were uploaded in March 2018, the phone had been factory reset (erasing its content) in June 2018, and the image was back on the phone when police obtained it in August 2018. An expert testified that the images had to be re-downloaded to appear on his phone after the factory reset, and although Leopard told police that his son could have used his phone, he also said that the last time his son used his phone was the previous year. The plausibility of

---

[17] (Citation and punctuation omitted.) *Nix*, 354 Ga. App. at 49 (1).

Leopard's ignorance of the images on his phone was a question for the jury, which was authorized by this evidence to reject a hypothesis of Leopard's innocence.[18] Accordingly, this enumeration fails.[19]

*Judgment affirmed. Markle and Padgett, JJ., concur.*

---

[18] See id.

[19] See *Cunningham v. State*, 365 Ga. App. 669, 673 (b) (879 SE2d 860) (2022); *Nix*, 354 Ga. App. at 50 (1) (sufficient evidence linked the defendant to images contained on a flash drive and his phone); *Dickerson v. State*, 304 Ga. App. 762, 766 (2) (697 SE2d 874) (2010) (affirming the finding of sufficient evidence of possession of child pornography because the defendant's thumb print was found on a compact disk containing contraband images in his garage), questioned on other grounds by *Cantrell v. State*, 360 Ga. App. 862, 868 (4), n. 4 (862 SE2d 329) (2021). See also *Howard v. State*, 291 Ga. App. 386, 388 (662 SE2d 203) (2008) ("Whether or not in a given case circumstances [showing equal access] are sufficient to exclude every reasonable hypothesis save the guilt of the accused is primarily a question for determination by the jury.") (punctuation and emphasis omitted).